HEARD, Judge.
This matter is before the court by plaintiffs from a judgment of the District Court maintaining an exception of no cause of action filed by defendants.
The facts alleged are that on September 20, 1968 Herman W. Fields, d/b/a Herman Fields Pump & Supply Company filed suit against Transtates Petroleum, Inc. alleging *888 that Transtates was indebted unto Fields in the sum of $6,248.89 together with interest, cost and attorney’s fees for materials and supplies furnished by Fields to Transtates in connection with the operation of oil and gas wells located on certain oil and gas leases. Fields alleged he was entitled to privilege as provided in LSA-R.S. 9:4861 and obtained judgment by default on October 23, 1968. On November 7, 1968 Fields filed a motion and order to appoint an attorney as Curator Ad Hoc to represent certain nonresidents listed therein and all absent and unknown owners having or claiming an interest in the property. On December 18, 1968 the property was sold at sheriff’s sale under a writ of fieri facias and purchased by John W. Ballard for the sum of $60,000. On December 20, 1968 Fields and others filed a rule to determine the rank of mortgages and privileges, alleging that the amount received at the sale was insufficient to pay all the claims and mortgages affecting the property. On December 20, 1968 a judgment was rendered by the District Court allocating the funds among the claimants. On December 23, 1968 John W. Ballard conveyed a one-half interest in the property purchased to Eugene J. Green and on February 21, 1969 John W. Ballard and Green conveyed to John M. Shuey an undivided one-eighth (i/s) interest in the property. On May 26, 1969 Ballard, Green and Shuey filed a petition for declaratory judgment alleging that a judgment was rendered on October 23, 1968 recognizing the privilege accorded to plaintiff under the provisions of LSA-R.S. 9:4861, et seq., and ordering it enforced; that pursuant to the judgment the sheriff proceeded to seize the oil, gas and mineral leases, together with machinery and equipment thereon and the proceeds of production and proceeded to sell the property on December 18, 1968; that John W. Ballard was the purchaser at the sheriff’s sale and that he had conveyed one-half (i/2) of his interest to Green and Ballard and Green conveyed to Shuey an undivided one-eighth (i/s) interest in the property. It is further alleged by petitioners that a Curator be appointed to represent the nonresident owners set forth therein together with any absent and unknown owners having a claim or interest in the property on whom all notices required were served, and further alleging that under the provisions of Article 1872 of the Code of Civil Procedure petitioners are entitled to obtain a declaration of their rights under the sheriff’s sale deed, of the validity of L.S.A.-R.S. 9:4861 as creating a privilege on the property described therein, regardless of ownership, and that all persons having previously had an interest in such property have been completely divested of ownership.
To this petition a Curator Ad Hoc was appointed to represent all nonresident owners set forth therein together with any absent and unknown owners claiming an interest in the property. The Curator Ad Hoc on June 10, 1969 filed an answer denying all the allegations of plaintiffs’ petition, and on June 19, 1969 retained counsel of all the nonresident defendants except L. R. Kinnard, filed an answer to the petition for declaratory judgment denying its allegations and alleging that none of the persons named as defendants in the proceedings for declaratory judgment were defendants in the suit filed by Herman W. Fields; that they were never cited, and that therefore none of those defendants have been divested of their property by the purported sheriff’s sale held on December 18, 1968, and that any judgment rendered concerning their interests was illegal, null and void and constitutes a deprivation of private property without due process of law.
In the alternative defendants alleged that should the court find that LSA-R.S. 9:4861, et seq., should authorize or that any statute should authorize the rendition of judgment against them and the seizure and sale of their property interest, all without defendants being served and cited to appear in this suit, is unconstitutional as a violation of the due process clause of § 1 of the 14th Amendment to the Constitution *889 of the United States, and Article 1, Section 2 of the Louisiana Constitution.
On August 22, 1969 a motion for summary judgment was filed by plaintiffs which motion was denied by the District Court. On November 13, 1969 plaintiffs filed an amended petition alleging that the interest asserted by defendants in the property described in the sheriff’s sale deed was all acquired subsequent to June 19, 1963, the date on which the privilege accorded to Fields attached to the property, and if the judgment recognizing the privilege of Fields is null as to any of the defendants for vices of form, all of the defendants have voluntarily acquiesced in such judgment and suffered it to be executed as against them specially pleading es-toppel. On December 17, 1969 a peremptory exception of no cause of action was filed by defendants and sustained by the District Court. A motion for a new trial filed by plaintiffs was denied and they have appealed.
 The only issue before this court is whether or not appellants in their petition for a declaratory judgment have stated a cause of action. The rule that all allegations in a petition or complaint setting forth facts and not mere conclusions of the pleader are to be accepted as true for the purpose of determining whether a cause of action is disclosed is too well settled to need citation of authority to support it. LSA-C.C.P. Art. 1872 provides:
“A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.”
LSA-C.C.P. Art. 1881 provides:
“Articles 1871 through 1883 are declared to be remedial. Their purpose is to set-tie and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered.”
The touchstone for relief, via declaratory judgment, is the existence of a justicia-ble controversy. It is well known that our courts are without authority to grant advisory opinions upon academic questions. There must be existing facts and parties with adverse claims based on the facts. See Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893 (1955); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); 22 Am. Jur.2d Declaratory Judgments § 10.
Appellants in their petition allege that they are owners under a deed of the property set forth herein; that appellees claim an interest in said property; that appellants are entitled to obtain a declaration of their rights under the sheriff’s deed, of the validity.of Revised Statute 9:4861 as creating a privilege on the property described therein regardless of ownership and that all persons having previously had an interest in such property have been completely divested of ownership. Thus, there is a justiciable controversy.
Counsel for appellees contends that due to the failure of Herman W. Fields to cite appellees in the suit against Transtates Petroleum, Inc., appellees were not divested of an interest in the property allegedly purchased by appellants at sheriff’s sale, and the exception of no cause of action should, therefore, be sustained. Without in any way considering or passing on the merits of the controversy we do not agree that appellants have failed to set forth a cause of action. The question is not whether appellants are entitled to a favorable decision. The question is whether the petition sets forth a cause of action for a declaratory judgment, that is, whether appellants are entitled to a determination of rights with respect to the matters alleged.
*890 It is the opinion of the court that appellants are entitled to have these matters determined under the clear provisions of LSA-C.C.P.Art. 1872.
For the reasons assigned, the judgment of the District Court is reversed and set aside, and it is ordered that the exception of no cause of action be and the same is hereby overruled.
It is further ordered that the case be remanded to the First Judicial District Court for the Parish of Caddo and reinstated on the docket to be proceeded with in due course as prescribed by law.
The costs of the appeal and costs incurred are to be paid by appellees.
Reversed and remanded.