HAMITER, Justice.
The-present action was. brought.under the provisions -of LSA-R.S. 13:4231 et seq., the -Uniform Declaratory . Judgments Act.
According to ' the petition á misúñderstanding, disputé and actual controversy exists between the petitioners, Andrew P.. *665 Tugwell, State Treasurer, and Allison R. Kolb, State Auditor, on the one hand, and the Department of Highways and the Board of Highways of the State of Louisiana, on the other. The differences concern the legal relations of the respective parties regarding certain bonds proposed to be issued in accordance with a resolution of the Board of Highways, adopted November 19, 1954, under the provisions of Act No. 5 of 1954, LSA-R.S. 48:13, 48:27, and note, to 48:34, for the payment of which bonds there is sought to be pledged the revenue from a tax-of one cent per gallon on all gasoline and motor fuel sold or used or consumed in the State of Louisiana for domestic consumption as originally levied by Act 87 of 1936’ and now by LSA-R.S. 47:711, subd. B.
Plaintiffs pray for a judgment determim. ing the constitutionality of Act No. 5 of 1954, along with certain other issues relating to the legal status of the Department of Highways and to its power to issue bonds under the authority of the mentioned statute.
Plaintiffs contend that the bonds proposed to be issued pursuant to the resolution of the Board of Highways will constitute obligations of the State of Louisiana, violative of Article 4, Section 2 of the Louisiana Constitution, LSA- for the reason that, the Department of Highways is an executive department of the State, not a separate corporate body.
Plaintiffs further maintain that Article 6, Section 22 of our Constitution requires the State Treasurer to pay the proceeds of the above mentioned tax into the general highway fund and prohibits the creation of debt or the issuance of certificates of indebtedness or bonds payable therefrom.
Defendants, the Department of Highways and Members of the Board of Highways, insist that the bonds can be validly, issued', because the Department of Highways is a corporate entity distinct from the State of’ Louisiana; and that the provisions of Act’ No. 5 of 1954, requiring the State Treasurer to segregate and dedicate one cent per gallon of the taxes levied and collected’ under LSA-R.S. 47:711, subd. B, are,binding upon that official and not violative of Article 6, Section 22 of the Louisiana Constitution.
The cause was tried and submitted on the pleadings of the litigants and on a stipulation of counsel which recited:
“L
“It is agreed that Andrew P. Tugwell is the State Treasurer of Louisiana and fhat. Allison R. Kolb is the State Auditor.
“2.
“It -is stipulated and agreed that the; Board of Highways was created" by the enactment of-Section 19.1 of Article 6 of the Constitution of the State of Louisiana of 1921, as amended, and that the ‘Board of Highways’ has general control, , management, supervision, and direction of the ‘Department of Highways.’
*667 “3.
“It is agreed that Act No. 5 of 1954 was approved by the Governor on June 1, 1954, and became effective as of that date.
“4.
“It is stipulated and agreed that the ‘Board of Highways’ adopted a resolution on the 19th day of November, 1954, pursuant to the authority contained in Act No. 5 of 1954, in which resolution the ‘Board of Highways’ authorized the issuance of Fifty Million Dollars ($50,000,000.00) in bonds and authorized the pledging, for the payment of principal and interest thereof, one cent (ljf) per gallon of the gasoline tax formerly levied by Act No. 87 of 1936 and now levied by Section 71 IB of Title 47 of the Louisiana Revised Statutes of 1950.
“5.
“It is agreed that Andrew P. Tugwell, in his capacity as State Treasurer, will not, for the payment of principal and interest on bonds to be issued pursuant to Act No. 5 of, 1954, segregate from monies received from the- Collector of Revenue as proceeds of taxes collected pursuant to [LSA-]R.S. 47:711B amounting to one cent (1^) per gallon on all gasoline and motor fuel and credit same to a special fund known as the ‘Department of Highways, Special Bond Fund.’
“6.
“It is further stipulated and agreed that Allison R. Kolb, in his capacity as State Auditor, will not, for the payment of principal and interest on bonds to be issued pursuant to Act No. 5 of 1954, direct the State Treasurer to pay any warrants drawn on the ‘Department of Highways, Special Bond Fund’.
“7.
“It is further agreed that the disagreements, disputes, and controversies arising herein consist of the following, to-wit:
“(a) Whether the Department of Highways is a corporate entity, distinct from the State of Louisiana.
“(b) Whether bonds issued by the Department of Highways, through the Board of Highways, will constitute indebtedness of the State of Louisiana incurred in violation of Article 4, Section 2, of the Constitution of Louisiana.
“(c) Whether the monies received by the State Treasurer from the Collector of Revenue, as the proceeds of taxes collected pursuant to [LSA-]R.S. 47:711B, including collections of interest, penalties, and costs applicable to such taxes, representing the proceeds of a tax of one cent (1^) per gallon on all gasoline and motor fuel, may be segregated by the State Treasurer and paid into the ‘Department of Highways, Special Bond Fund’, or whether such action is in violation of Article 6, Section 22, of the Constitution of Louisiana.
“(d) Whether the Department of Highways, through the Board of Highways, may pledge the monies so credited to the ‘De *669 partment of Highways, Special Bond Fund’, for the payment of principal and interest of bonds issued under • the authority of Act No. 5 of the laws of 1954, or whether such action is in violation of Article 6, Section 22, of the Constitution of Louisiana.
“(e) Whether Act No. 5 of the laws of 1954 is a constitutional enactment.”
Several days after submission of the cause, and while the district judge had it under advisement, certain taxpayers intervened (with the court’s permission), they praying that there be judgment declaring Act No. 5 of 1954 unconstitutional.
In due course the district court rendered and signed a judgment decreeing “I. That the Department of Highways is a corporate entity, distinct from the State of Louisiana.
“II. That the Department of Highways, through the Board of Highways, may issue bonds which would not constitute an indebtedness of the State of Louisiana.
“HI. That insofar as Act No. 5 of 1954 authorizes the State Treasurer to segregate one cent (10). per gallon on gasoline and motor fuel as the proceeds of taxes collected pursuant to R.S. 47:711 B, and place the same to the credit of ‘The Department of Highways, Special Bond Fund’, and authorizes the Department of Highways to pledge the said funds so received for the payment of principal and interest on any bonds issued by it, [such statement] is in violation of Section 22 of Article 6 of the Constitution of Louisiana.” (Brackets ours.)
From those portions of the judgment which they considered to be adverse to their respective contentions plaintiffs and defendants appealed to this court. Intervenors filed an answer to the appeals. For our consideration the cause was submitted under a joint motion, on briefs and without oral argument, pursuant to Rule 9, Section 9, Rules of this court.
With respect to the first two issues (quoted above from the stipulation of counsel), which can be considered together, we agree with the trial judge that the Department of Highways, although. a governmental agency, is a corporate entity, distinct from the State of Louisiana-; 'and that, being a body corporate;- it can and may issue bonds which would not be Violative of the constitutional provision' (contained iii Article 4, Section 2) that “The Legislature shall have no power to 'contract or to authorize the contracting of any debt or liability on behalf of the State; * ■ *
The separate corporate status of such department was provided for in Act No. 4 of 1942, LSA-R.S. 48:1 to 48:424, particularly Section 22, and it was specifically recognized and continued in the statute presently under consideration, Section 1 of Act No. 5 of 1954. True, Section 19.1 of Article 6 óf the Louisiana' Constitution (amendment adopted November 4, 1952) created a constitutional Boafid of Highways with general control, management, super *671 vision, and direction of the Department of Highways. But neither the provisions of that section nor any others of the Constitution appear to be in derogation of the separate corporate existence of the Department. Therefore, possessing such legal status, it has the power to issue bonds without contracting debt or liability on behalf of the State. See Caldwell Brothers v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 176 La. 825, 147 So. 5; State ex rel. Porterie v. Charity Hospital of Louisiana at New Orleans, 182 La. 268, 161 So. 606; State ex rel. Porterie v. Louisiana State Board of Education, 190 La. 565, 182 So. 676.
Remaining to be considered is the issue (covered by the last three questions set forth in the stipulation of counsel, above quoted) of whether proceeds of taxes levied by LSA-R.S. 47:711, subd. B may be, in view of certain provisions of Article 6, Section 22 of the Louisiana Constitution, lawfully pledged for the payment of principal and interest of bonds issued under the authority of Act No. 5 of 1954. The pertinent constitutional provisions read: , , * * The General Highway Fund • shall be. derived from the following sources:
“(a) *.*..*
“On gasoline, benzine, naptha and other .motor fuels, as defined by law, when sold, ■ used or-Gonstimed in the State of Louisiana, there shall be levied a tax riot to exceed four (4{S) cents per-gallon, to be collected as prescribed by law.
“On gasoline, benzine, naptha and other motor fuels, as defined by law, when sold, used or consumed in the State of Louisiana, there shall be levied an additional tax not to exceed one cent (1^) per gallon to be collected as prescribed by law.
# * * * * *
“(b) All funds for the account of the General Highway Fund shall be paid into the State Treasury.
“(c). Except as otherwise provided in this amendment, or until otherwise provided by Constitutional amendment, no debt shall be created or certificates of indebtedness or bonds issued, to be paid in the future out of the proceeds realized front any State tax or license to be collected under and by virtue of this section, or imposed thereunder by the Legislature, but the said .licenses and taxes shall be collected from year to year and expended for the purpose of the construction and maintenance of the system of State highways and bridges.” (Italics ours.)
Counsel for defendants (the Department of Highways and the members of the Board of Highways) argue that the tax involved here is not necessarily levied under the authority of the quoted constitutional provisions ; and that, therefore, it is not subject to the limitations contained in subsection (c). However, the language of Act No. 5 of 1954 and of LSA-R.S. 47:711, *673 subd. B and 727, subd. B indicates otherwise.
LSA-R.S. 47:711, subd. B recites: “In addition to all other taxes thereon, and specifically in addition to the taxes levied in Subsection A of this Section, there is hereby levied a tax of two cents (2‡) per gallon on all gasoline or motor fuel sold, used or consumed in the State of Louisiana for domestic consumption, to be collected as hereinafter set forth.”
LSA-R.S. 47:727, subd. B states: “B. The Collector of Revenue shall within the first ten days of each calendar month, forward the full amount of taxes, collected by him during the preceding calendar month pursuant to R.S. 47:711(B), including all collections of interest, penalties, and costs applicable to such taxes, to the State Treasurer, who shall credit and disburse these funds as follows:
“(1) One-half thereof shall be placed to the credit of the general highway fund, created by Section 22 of Article VI of the constitution; and the State Treasurer shall, on the first day of each month, notify in writing the agency of the state authorized to expend the general highway fund, of the total amount received from the collector to be placed to the credit of the general highway fund from the source so specified. * * * ” (Italics ours.)
And Section 4 of Act 5 of 1954 provides: “So long as any of the bonds or other obligations issued hereunder are outstanding, one cent {If) -of the .tax .of two cents (2f) per gallon on all gasoline or motor fuel, sold or used or consumed in the State of Louisiana for domestic consumption, levied heretofore by Act No. 87 of the Laws of Louisiana, 1936, and amendments thereto, and now levied by Section 711B of Title 47 of the Revised Statutes of Louisiana, shall continue to be levied and collected, and shall be dedicated to the retirement of said bonds or other obligations and to the payment of the interest thereon. * * * Payments by the State Treasurer of the proceeds of taxes levied and collected pursuant to R.S. 47:711B into the State Highway Fund, as provided by R.S. 47.727B (1), shall cease on -and after the date this Act becomes effective.” (Italics ours.)
When the above statutory provisions are read together it is apparent that the Legislature, by the 1954 statute, sought to have the authorized bonds paid from the proceeds of a tax contemplated by the provisions of Article 6, Section 22 of the Constitution. But this it could not legally do. Those funds, under the constitutional provisions above quoted and particularly Subsection (c), can be diverted from the general highway fund only by and through an amendment to the Constitution. Therefore, that portion of the statute in question which attempts to effect such a diversion is unconstitutional.
For the reasons assigned the judgment appealed from is affirmed.
*675 FOURNET, C. J., concurs in the decree, agreeing with views expressed in Justice McCALEB’S opinion.
PONDER, J., concurs in the decree.
McCALEB, J., concurs in part and dissents in part with written reasons.
SIMON, J., concurs in the decree and agrees with the reasons assigned in McCALEB’S dissent in part.