165 So.2d 9

**A. P. STODDARD et al.**

**v.**

**CITY OF NEW ORLEANS.**

No. 47091.

June 8, 1964.

Alvin J. Liska, City Atty., Preston H. Hufft, Asst. City Atty., for defendant-appellant.

Wilmore J. Broussard, Jr., Houma, Francis Douglas Jewell, New Roads, Haynes L. Harkey, Jr., Monroe, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, Leon A. Picou, St. Francisville, Charles A. Traylor, II, West Monroe, for intervenors-appellants.

Thomas J. Meunier, Dodd, Hirsch, Barker & Meunier, New Orleans, for plaintiffs-appellees.

SANDERS, Justice.

The plaintiffs, taxpayers of the City of New Orleans, brought this action against the City seeking a declaratory judgment that Act No. 118 of 1963,[1] an industry promotion statute, is unconstitutional. They also seek to enjoin the City of New Orleans from taking action to implement the statute or appropriating any public funds pursuant to it.

The cities of Monroe and West Monroe, the towns of St. Francisville and New Roads, and the Parish of Terrebonne intervened in the proceeding.

The City of New Orleans filed an exception of "no cause or right of action" and an answer. The exception raised the contention that the petition did not set forth a justiciable controversy for declaratory relief.

The trial court heard the case on the rule for a preliminary injunction. However, under a stipulation of counsel, the court rendered judgment dispositive of all issues. Assigning written reasons, the court overruled the exception, declared the statute unconstitutional and permanently enjoined the City of New Orleans from taking any action to implement the statute and from appropriating any money pursuant to it.

The City of New Orleans and the intervenors have appealed to this Court.

The assailed statute provides:

"The parishes, municipalities and port authorities created in accordance with the Constitution and laws of the state of Louisiana *are hereby authorized* to promote the development of industry within and for their respective jurisdictions and to associate with one or more parishes, municipalities or port authorities for the purpose of promoting industry within the area of the several political subdivisions joined together or associated for this purpose. To this end, the parishes, municipalities, and port authorities *may* advertise through the various news media, *may* establish

1. LSA–R.S. 51:1201.

and become members in councils chartered by the state as non-profit corporations solely for the purpose of industrial development; such councils shall be governed by boards comprised of members appointed by the governing authorities of the participating political subdivisions, and such councils shall make public their expenditures for advertising and promotion by means of annual reports audited by a certified public accountant; and *may* appropriate and expend public funds in the furtherance of the promotion of industry either *directly or by membership in the aforesaid councils;* provided, however, that no name of any elected official shall be used in any such advertisements." (Italics *ours*).

At the threshold of the case, we are met by the exception of no cause of action filed by the City of New Orleans, asserting that the petition does not present a justiciable controversy as a basis for declaratory relief.

The City points out that the statute is permissive only, that the City of New Orleans has neither taken nor threatened action to implement it, and that the plaintiffs seek only an advisory opinion.

On the other hand, the plaintiffs assert that whether or not the City of New Orleans now plans to implement the statute is not a proper test for declaratory relief.

When a statute authorizes the expenditure of public funds or other unconstitutional action, its enactment, the plaintiffs contend, warrants an attack upon it by taxpayers. Moreover, they contend, the case is a proper one for injunctive relief.

The Louisiana Code of Civil Procedure provides for declaratory judgments in the following language:

"Art. 1871.

"Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree."

"Art. 1872.

"A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of

rights, status, or other legal relations thereunder."

■■■ These codal articles create a procedural device by which the courts may make a declaration of rights without executory or coercive relief.[2] The articles are remedial in nature and must be liberally construed.[3] Basic to the exercise of these procedures, however, is the existence of a justiciable controversy. The courts are without power to render advisory opinions on abstract questions.[4]

In the instant case, the statute is permissive only. To place the statute into operation requires action by the local governing authorities.

The petition does not allege that the City of New Orleans has taken any action to implement the statute. On the contrary, the allegations disclose that the City has not implemented it. The plaintiffs seek an injunction on the theory that some action "might be initiated" to implement the statute.

■■ The petition, in our opinion, affirmatively discloses the absence of a justiciable controversy. A statute cannot be challenged in the abstract. As we have observed, the statute is permissive only. To render it operative requires implementation by the local governing authority, the City of New Orleans. That authority has taken no action to implement it, and whether or not it will ever do so is entirely discretionary. Under the circumstances, we cannot assume that it will act. Clearly, the present attack upon the constitutionality of the statute does not present a justiciable controversy.[5] The circumstance that an injunction is also sought does not alter the result. The Court cannot entertain any action that does not involve a justiciable controversy.

We conclude that the exception of no cause of action is well founded.

For the reasons assigned, the judgment of the district court is reversed, the exception of no cause of action is sustained, and the suit is dismissed.

2. See State v. Board of Supervisors, 228 La. 951, 84 So.2d 597 and 26 C.J.S. Declaratory Judgments § 1, p. 50.
3. Art. 1881, LSA–C.C.P.
4. State v. Board of Supervisors, 228 La. 951, 84 So.2d 597; Tugwell v. Members of the Board of Highways, 228 La. 662, 83 So.2d 893; 26 C.J.S. Declaratory Judgments § 24, pp. 94–97.

5. See State v. Board of Supervisors, 228 La. 951, 84 So.2d 597; Tugwell v. Members of the Board of Highways, 228 La. 662, 83 So.2d 893; United Public Workers of America (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754; Coffman v. Breeze Corporations, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; 16 Am. Jur., Declaratory Judgments, § 26, pp. 298–300; 1 Anderson Declaratory Judgments (2d ed.) § 18, pp. 68–76.