177 So.2d 276

**Petition of SEWERAGE AND WATER BOARD OF NEW ORLEANS.**

**No. 47739.**

July 2, 1965.

George Piazza, Sp. Counsel, Sewerage & Water Board of New Orleans, Alvin J. Liska, City Atty., Alden W. Muller, First Asst. City Atty., for City of New Orleans.

Jack P. F. Gremillion, Atty. Gen., Henry J. Roberts, Jr., L. K. Clement, Jr., Asst. Attys. Gen., for the State of Louisiana.

McCALEB, Justice.

Sewerage and Water Board of New Orleans petitioned the Civil District Court for a judgment determining the constitutionality of Act 549 of 1964, which is a joint resolution proposing to amend Section 23.3 of Article XIV of the Constitution of Louisiana so as to authorize the Board to issue Water Revenue Bonds. The proposal was submitted to the electors at the general election held on November 3, 1964 and proclaimed by the Governor on November 21, 1964 to have been adopted by a majority vote of the electors voting thereon.

The Board's petition alleges that Section 4 of Act 549 contains a condition whereby the Act would become effective as an amendment to the Constitution only if a majority of the electors voting thereon in the Parish of Orleans should vote favorably for its adoption, as well as a majority of the electors voting thereon throughout the entire State; that this condition was not fulfilled because a majority of the electors of the Parish of Orleans voted against the amendment and, therefore, the Governor erroneously proclaimed its adoption in his proclamation issued 20 days after the general election. It was further averred that, therefore, the constitutionality of Act 549 of 1964 has become uncertain and that petitioner's bond attorneys have advised it that, in order to obtain their approval for the issuance of Water Revenue Bonds, the constitutionality and validity of said amendment must first be determined " * * * by a Judgment of the Supreme Court of Louisiana".

Asserting that the City of New Orleans should be made party defendant and that the Attorney General of the State should be served with a copy of the proceeding,[1] the Board prayed for service of the petition and that, after due proceedings, there be judgment determining the constitutionality and validity of Act 549, so that the uncertainty and controversial status of the Act would be eliminated and, particularly, the uncertainty of petitioner's authority to avail itself of the provisions of the amendment in the issuance of water revenue bonds.

1. As provided by Art. 1880, Code of Civil Procedure.

In due course the Attorney General appeared and prayed that there be judgment declaring Act 549 of 1964 constitutional.

The City of New Orleans also responded and, while admitting most of the factual allegations of the petition, denied plaintiff's assertion that the City of New Orleans should be made a party defendant in the proceeding and prayed for the dismissal of the suit at plaintiff's cost.

Conformably with the averments of plaintiff, the district judge found Act 549 of 1964 to be null and void. He concluded that, since Section 4 of the joint resolution conditioned its adoption upon the vote of a majority of the electors of the Parish of Orleans voting thereon, as well as a majority of the electors voting thereon in the State as a whole, the proposal was contrary to the provisions of Section 1 of Article XXI of the Constitution which, prior to the adoption of Act No. 532 of 1964 at the general election held on November 3, 1964, prescribed that all proposed amendments to the Constitution shall become a part thereof effective 20 days after the issuance of the Governor's proclamation if approved by a majority of the electors of the State voting thereon. Accordingly, judgment was rendered " * * * in favor of the petitioner, * * * and against the defendant, the City of New Orleans, * * * " decreeing Act 549 of 1964 unconstitutional and void.[2] From this judgment petitioner moved for a devolutive appeal, stating that it was its purpose " * * * . to seek the ultimate decision of the Supreme Court of Louisiana, as to the constitutionality of Act 549 of 1964 * * * " and that " * * * . the said judicial decision is necessary in order to satisfy the Bond Attorneys with reference to the future issuance of Water Revenue Bonds by the Sewerage and Water Board of New Orleans; * * * ".

Upon perfection of the appeal, the matter was submitted on joint motion for our decision without oral argument under Section 8 of Rule VIII of our Rules. However, we note that, since the City of New Orleans has not filed a brief, the requirements of the Rule have not been observed.

At the outset, we feel obliged to take cognizance, ex proprio motu, that this is not an adversary proceeding and that it does not present a justiciable controversy which is essential in order for the court to give declaratory relief. According to the frank statement of petitioner's counsel, this is at most a request for an advisory opinion in order to satisfy the demands of the Board's bond attorneys, who have conditioned their approval of any revenue bonds

2. This decree, of course, voided the Governor's proclamation of November 21, 1964, declaring that Act 549 had been adopted by a vote of the people, and rendered the amendment to Section 23.3 of Article XIV of the Constitution ineffective.

which the Board might decide to issue in the future on a favorable ruling of this Court as to the validity of the amendment to Section 23.3 of Article XIV of the Constitution. But neither this Court nor any of the other tribunals in Louisiana are authorized to deliver advisory opinions. It is well settled under our law that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with the consent of the parties.

■ And this applies to proceedings under the Declaratory Judgments Act, which has been enlarged in scope and incorporated in our 1960 Code of Civil Procedure as Articles 1871 through 1883. For, even though the Declaratory Judgments Act may now be utilized in all types of litigation,[3] there still must be a justiciable controversy between the parties to the action to warrant a grant of declaratory relief. See Tugwell v. Members of the Board of Highways, 228 La. 662, 83 So.2d 893 (1955); State v. Board of Supervisors, 228 La. 951, 84 So.2d 597 (1955) and Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964) and the many authorities cited therein.

■■ Here, as shown by the pleadings, there is no controversy between petitioner and the City of New Orleans, which has been designated as the defendant and which has, in its answer, properly denied that it should have been made party defendant as it has no interest in the proceeding.

Moreover, it is highly irregular for the petitioner to be appealing here for review of a judgment declared to be in its favor[4] and, ordinarily, we would be warranted in dismissing the appeal. However we believe that, in view of the fact that a constitutional amendment, proclaimed by the Governor to have been validly adopted, has been declared unconstitutional by an advisory opinion, it would be proper to follow the course taken in State v. Board of Supervisors, supra, and annul the judgment below on the ground that the case does not present a justiciable controversy.

Therefore, being of the opinion that the district court was without jurisdiction of this proceeding since no justiciable controversy was presented to it for decision, the declaratory judgment entered below is annulled and set aside and the proceeding is dismissed.

---

3. See the second clause of the second sentence of Article 1871 C.C.P., which effectually overrules our decision in Burton v. Lester, 227 La. 347, 79 So.2d 333 (1955).

4. An appeal, as defined by Article 2082, Code of Civil Procedure, is the exercise of the right of a party to have a judgment of a trial court " * * * revised, modified, set aside, or reversed by an appellate court." Petitioner does not seek any such relief but only a decision by this Court to satisfy its bond attorneys. The rule is that an appeal may not be taken by a party in whose favor a judgment has been rendered. State ex rel. John T. Moore Planting Company v. Howell, 139 La. 336, 71 So. 529; Barbara, Inc. v. Billelo, 212 La. 937, 33 So.2d 689 and Salassi v. Salassi, 220 La. 785, 57 So.2d 684.