MILLER, Judge
(concurring in result).
The litigants agree, and I concur, that this suit was filed too late to successfully challenge the April 22, 1969 bond election. The remaining issue concerns plaintiff’s effort to enjoin defendant from enforcing, executing, administering or in any way giving effect to the provisions of the Louisiana Constitution and Statutes which have the effect of requiring ownership of property and the payment of taxes thereon as a condition of voting in future general obligation bond elections in the State. Plaintiff prayed that all registered voters in the School District be declared eligible to vote in all future general obligation bond elections held in the School District pursuant to the State’s general election laws.
Defendant-appellee conceded that recent Federal Court decisions “leave no alternative for this Court but to [reverse the trial court’s decision upholding the constitutionality of the property ownership requirement for voting, and to] invalidate those provisions of the Louisiana Constitution and Statutes attacked by plaintiff-appellant in this appeal.” The reasoning in the February 25, 1970 opinion handed down by a Three-Judge Court of the United States District Court for the Eastern District of Louisiana is most persuasive. Stewart v. Parish School Board of the Parish of St. Charles, 310 F.Supp. 1172. Just as counsel for the School Board has been unable (and indeed, have not tried) to reason around the logic of this decision, I too am persuaded that it is correct.
However, I would pretermit this issue. There is no suggestion in this record that the Acadia Parish School Board has called or is planning to call another general obligation bond election. There is no justicia-ble controversy. See Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).