ELLIS, Judge.
On or about April 23, 1970, the defendant Louisiana State Board of Education advertised for bids on certain school supplies. Plaintiff A To Z Paper Co., Inc. submitted the low bid for certain of the items advertised. The Board, however, accepted a higher bid submitted by Graham Paper Company. This suit was brought against the Board, William J. Dodd, State Superintendent of Education, and Enoch T. Nix, President of the Board, asking that they be enjoined from so awarding the contract, and for a judgment declaring the action of the Board in accepting the higher bid to be null and void. From an adverse judgment, plaintiff has--appealed devolu-tively.
In brief and argument, it is conceded that during the pendency of the devolutive appeal, the contract for the supplies was awarded to Graham Paper Company, the materials delivered and payment for same actually made. It is, therefore, conceded that the case is moot insofar as the injunc-tive relief sought is concerned. However, plaintiff requests that we render the declaratory relief sought below.
This we are unable to do. The relief sought was that:
“ * * * this Court render judgment declaring the action of defendants herein in accordance with said purchase order or contract to a higher bidder null and void and of no effect, in that it is in direct violation of express provisions of the Constitution of Louisiana, Article III, Section 30, and La.R.S. 39:180.”
*644 When the contract was awarded and executed in full, the only controversy between the parties presented by this proceeding became moot. A justiciable controversy between the parties must exist before the courts can render declaratory judgments relative thereto. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).
Since the issues here presented are moot, and no justiciable controversy appears, we think that any opinion relative thereto would be purely advisory, and rendition of such opinions is reprobated by law. The appeal is therefore dismissed, at plaintiff’s cost.
Appeal dismissed.