ELLIS, Judge.
This suit is brought by Steve G. Kirkikis in his individual capacity as a taxpayer, and as a class action for those similarly situated.
He alleges that Act 11 and Act 211 of 1970, the general appropriations bills for fiscal year 1970-1971 provide for expenditures which exceed the revenues for that fiscal year as estimated hy the Division of Administration, by some $34,000,000.00, which constitutes the contracting of a debt in violation of Article IV, Section 2 of the Constitution of 1921.
He prays for judgment decreeing “that portion of all appropriations and expenditures enacted by the 1970 Regular Session of the General Assembly of the State of Louisiana, for the fiscal year 1970-71, commencing July 1, 1970, providing for or resulting in debt (deficit) of $34,243,718.00 incurred by the General Assembly, unconstitutional, . . . ”
He further prays that a preliminary and permanent injunction issue against defendant, Mary Evelyn Parker, Treasurer of the State of Louisiana, to enjoin her from “paying or expending any funds or monies whatever comprising the $34,243,718.00 deficit or debt, or any portion thereof
The matter was heard on its merits with evidence showing that the monies appropriated by the legislature did exceed the revenues as estimated by the Division of Administration by the amount alleged. At the trial, held February 15, 1971, Ralph Perl-man, State Budget Director, and E. J. Ma-ciasz, Assistant State Treasurer, testified to the effect that, because of increased revenues, and for other reasons, the projected deficit had been reduced to about $7,000,000 out of a total budget of about $1,776,000,000. They were unable to say if the budget would show a deficit or a surplus at the end of the fiscal year.
The trial judge was of the opinion that the plaintiff had not proved by a preponderance of the evidence that the appropriation acts did, in fact, incur a deficit. He also found that adequate safeguards to prevent such an occurrence were built into the appropriation acts themselves, in the form of authority given the Governor to take steps deemed necessary to prevent the occurrence of a cash deficit. Judgment was rendered dismissing plaintiff’s suit, and he has appealed to this court.
Although we recognize the importance of the issues presented hereby, we are of the opinion that we cannot act because the issues presented are now moot. Fiscal year 1970-71 terminated on June 30, 1971, before the record herein was lodged in this court. New and different general appropriations acts are now in effect. Any opinion which we might issue as to the constitutionality of Act 11 and Act 211 of 1970 would be of an advisory nature and any injunctive relief with respect thereto would be without force or effect. For the same reasons, we cannot issue a declaratory judgment, even if justified by plaintiff’s petition. We are of the opinion that there no longer exists a justiciable controversy between the parties hereto. See A to Z Paper Company, Inc. v. Louisiana State Board of Education, 251 So.2d 643 (La. App. 1 Cir. 1971).
Plaintiff's suit is, therefore, dismissed, at his cost.
Dismissed.