313 So.2d 577 (1975)
John J. HAINKEL, Jr., and E. Clark Gaudin, Plaintiffs-Relators,
v.
Honorable E. L. (Bubba) HENRY, Speaker, House of Representatives, et al., Defendants-Respondents.
No. 56278.
Supreme Court of Louisiana.
May 23, 1975.
*578 John J. Hainkel, Jr., E. Clark Gaudin, in pro per.
E. L. Henry, Jonesboro, Charles Wm. Roberts, Mengis, Roberts, Durant & Carpenter, Baton Rouge, for defendants-respondents.
TATE, Justice.
Two representatives of the Louisiana legislature bring this suit for a declaratory judgment. At issue is the effect of certain provisions in the Louisiana Constitution of 1974 on legislative actions and acts during the now-pending 1974 regular annual session of the legislature. Made defendant are the lieutenant governor, the speaker of the House of Representatives, the secretary of the Senate, and the clerk of the House.
The plaintiffs seek review of a judgment construing the provisions of the constitution in question. We granted review under our supervisory jurisdiction because of the importance to the public and to orderly processes of government for an immediate ruling on issues fundamental to the validity of legislative functioning and legislative enactments at the current session. Seegers v. Parker, 256 La. 1039, 241 So.2d 213 (1970); State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956).
This action for a declaratory judgment is brought by reason of La.C.Civ.P. art. 1871 et seq. These code provisions authorize the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." Article 1871. Any interested person affected by legislation, contract, or franchise "may have determined any question of construction or validity arising under the. . . statute [etc.] and obtain a declaration of rights, status, or other legal relations thereunder." Article 1872.
In Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964), we said: "These codal articles create a procedural device by which the courts may make a declaration of rights without executory or coercive relief. The articles are remedial in nature and must be liberally construed. Basic to the exercise of these procedures, however, is the existence of a justiciable controversy. The courts are without power to render advisory opinions on abstract questions." 165 So.2d at 11.
The pleadings and evidence before us demonstrate a real (as opposed to an abstract) dispute, with a tangible interest in the plaintiffs to obtain a judgment resolving a dispute which has arisen which will affect much present legislation and the future conduct of the legislative business during this session, and with the defendants having an interest in opposing the plaintiffs' claim that legislative actions *579 now in progress may be invalid. Louisiana Independent Automobile Dealers Assn. v. State, 295 So.2d 796 (La. 1974). The pleadings and conduct of the litigation indicate sufficient adversity of interest to assure a fair presentation of the issues required for decision of the case.

Issues
The Louisiana legislature is presently in regular annual session. Article III, Section 2(A) of the 1974 constitution provides that, in its regular session, the legislature shall meet "for not more than sixty legislative days during a period of eighty-five calendar days."[1]
The chief issues concern the propriety and effect of legislative committee actions during that portion of the eighty-five calendar days when neither house is in session. We shall below proceed to list the specific issues pleaded by the original and amended (Tr. 59-61) petitions, together with our resolution of them.
Preliminarily, we should note: A general principle of judicial interpretation of a state constitution is that, unlike the federal constitution, a state charter's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature. Thus, in the absence of a particular constitutional provision that limits the power of the legislature to act in the respects assailed, a legislative action cannot be invalidated as contrary to the state's constitution.
See, e.g.: Kane v. Louisiana Commission on Governmental Ethics, 250 La. 855, 199 So.2d 900 (1967); State v. Guidry, 247 La. 631, 173 So.2d 192 (1965); State v. Macaluso, 235 La. 1019, 106 So.2d 455 (1958); State ex rel. Labauve v. Michel, 121 La. 374, 46 So. 430 (1908); and the many other decisions cited in these opinions.
The issues presented for declaratory adjudication are:

(1)
If a legislative committee meets and takes action on a bill on a day during the eighty-five calendar days within which the annual session is to be held, does this constitute a "legislative day" for purposes of computing the sixty legislative days allowed for the regular session?
The provision of Article III, Section 2(A) that the legislature shall meet annually "for not more than sixty legislative days during a period of eighty-five calendar days" includes also a definition of a "legislative day". This provision (see Footnote 1 above) also specifically provides: "A legislative day is a calendar day on which either house is in session."
Thus, under the constitution, the meeting and action of a committee on a day on which neither house is in session does not constitute a legislative day and should not be included within the sixty legislative days constitutionally allowed for the regular annual session. By express provision of the constitution, a legislative day for such purposes includes only a calendar day on which either house is in session. See also Committee Report with respect to Committee Proposal No. 3, re Article III, Section 2(A), reprinted on page 5 of the Proceedings of July 6, 1973, 1 Official Journal, 1973 Constitutional Convention 88 (1974).

(2)
May a legislative committee meet and act on a bill on a calendar day other than a legislative day?
*580 No provision of the constitution prohibits the legislature from conducting committee meetings on recess days during the eighty-five calendar day period or at any time, whether the legislature is in session or not. Article III, Section 2 provides for annual regular sessions, for extraordinary sessions, and for emergency sessions of the legislature; only during such sessions may legislation be enacted or resolutions passed, Article III, Section 1(B).[2]
Nevertheless, as the last cited subsection provides: "The legislature is a continuous body during the term for which its members are elected. * * *" A principal purpose is the 1974 constitution's provision that the legislature shall be a "continuous body" is to permit committees to meet and act when the legislature is not in session. See Committee Report with respect to Committee Proposal No. 3, re Article III, Section 1(B), reprinted on page 5 of the Proceedings of July 6, 1973, 1 Official Journal, 1973 Constitutional Convention 88 (1974).

(3)
May either or both houses take formal action on a bill within the first fifteen days of the session?
The transitional provisions of the 1974 constitution provide that, during the 1975 and 1976 regular sessions, the legislature shall recess "for at least eight calender days immediately after the first fifteen calendar days of the session." Article XIV, Section 7.[3]
The testimony and the legislative debates introduced into evidence indicate this to be a transitional compromise between those who preferred a continuous sixty-day session and those who preferred split sessions of the legislature, with formal opportunity to hold committee hearings and to check with local constituencies during the interval between the first portion of the session and the final portion of the split session.
As finally adopted and as ratified by the people, the constitution does not prohibit either or both houses from acting upon any bill or resolution at any time a house is in session during any regular, extraordinary, or emergency session of the legislature. In this regard, the chief constitutional requirement is that action by either house must be taken in an open, public meeting during any such session of the legislature, Article III, Section 15(A).[4] There is no other requirement that action on a bill or resolution be taken during any particular portion of a session.

Decree
Accordingly, we affirm the trial court and render judgment declaring, with regard to the issues raised by this litigation:
1. The Louisiana Constitution of 1974 defines a "legislative day" to be a calendar day on which either house is in session. Thus, to constitute a "legislative day" one house of the legislature must be in open session. An action by a legislative committee on a day when neither house is in session does not constitute such calendar day as a "legislative day" for purposes of Section 2(A) of Article III.
2. The Louisiana Constitution of 1974 does not prohibit meetings by legislative *581 committees of either house on days which are not legislative days. Thus, committees of either house of the legislature may hold public hearings and take committee action on proposed legislation on calendar days which are not legislative days, insofar as consistent with legislative rules of procedure, and they may do so during the recess mandated by Section 7 of Article XIV of the Louisiana Constitution of 1974.
3. Either house of the legislature may take action with regard to proposed legislation, including passing it, on any legislative day within the first fifteen calendar days of a regular session.
Affirmed.
DIXON, J., concurs in the decree, but is of the opinion that no justiciable controversy exists except as to ruling on meaning of "legislative day."
DIXON, Justice (concurring).
I agree with the results reached by the majority opinion. However, it appears to me that only the ruling by the Speaker on the meaning of "legislative day" creates a justiciable controversy, essential to an action under CCP 1871 et seq. Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971); Petition of Sewerage and Water Board of New Orleans, 248 La. 169, 177 So.2d 276 (1965); State v. Board of Supervisors, etc., 228 La. 951, 84 So.2d 597 (1955); Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893 (1955). See Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937); Moore, 6 Federal Practice, § 57.11-12, 15 (3d ed. 1974).
I respectfully concur.
NOTES
[1] Article III, Section 2(A) provides:

"Annual Session. The legislature shall meet annually in regular session in the state capitol for not more than sixty legislative days during a period of eighty-five calendar days. A legislative day is a calendar day on which either house is in session. No such session shall continue beyond the eighty-fifth calendar day after convening. * * *"
[2] Section 18(C) also provides for veto sessions to consider bills vetoed by the governor.
[3] Article XIV, Section 7, provides: "The legislature shall provide, by rule or otherwise, for a recess, during the 1975 and 1976 regular annual sessions, which shall be for at least eight calendar days immediately after the first fifteen calendar days of the session."
[4] A bill or resolution not finally passed on in any session is withdrawn from the files and must be re-introduced subsequently in order to be considered at a subsequent session of the legislature. Article III, Section 1(B).