316 So.2d 499 (1975)
Harold RAMBIN et al., Plaintiffs-Appellants,
v.
CADDO PARISH POLICE JURY et al., Defendants-Appellees.
No. 12640.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
*500 Hal V. Lyons, Shreveport, for plaintiffs-appellants, Harold Rambin, and others.
William A. Guste, Jr., Atty. Gen., State of La. by A. Mills McCauley, Asst. Atty. Gen., Shreveport, and Carmack M. Blackmon, Asst. Atty. Gen., Baton Rouge, for defendant-appellee, State of Louisiana.
John A. Richardson, Dist. Atty., Parish of Caddo by Eugene W. Bryson, Jr., Asst. Dist. Atty., for defendant-appellee, Caddo Parish Police Jury.
Before BOLIN, DENNIS and MORRIS, JJ.
DENNIS, Judge.
This is a suit for declaratory judgment. Its object is to have several acts of the legislature declared unconstitutional and to set aside a local option ordinance adopted thereunder restricting the sale of alcoholic beverages in Ward 3 of Caddo Parish. The state, the parish police jury, and two municipalities located within Ward 3 were made defendants. All filed exceptions but the Village of Blanchard, which answered the petition. The district court sustained exceptions of prematurity filed by the state, the police jury, and the Town of Mooringsport. It also sustained an exception of vagueness filed by the state. The plaintiffs appealed, and the state filed exceptions of no cause and no right of action in this court.
An appellate court in its discretion may consider a peremptory exception filed in the appellate court. See LSA-C.C.P. Arts. 2163; 928, Official Comment (a). Further, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion. LSA-C.C.P. Art. 927.
The material allegations contained in the pleadings are as follows: Plaintiffs are three persons who operate businesses in Ward 3 of Caddo Parish. Under authority granted by the voters in a local option election the police jury adopted an ordinance restricting the sale of alcoholic beverages *501 in Ward 3. The ordinance prohibits Harold Rambin, a petitioner who operates a business in Blanchard, from selling beverages consisting of ½% to 6% alcohol by volume; and it prohibits Salvatore Cimino and Elsie Cimino who operate a business in Ward 3 of Caddo Parish, from selling beverages consisting of more than 6% alcohol by volume. Harold Rambin has been refused a permit to sell alcohol by the state because of the existence of the ordinance. Petitioners assume the police jury will abide by its ordinance and refuse them licenses to sell beverages containing more than 6% alcohol by volume in Ward 3.
The state and the police jury contend that the trial court reached the correct result in dismissing the suit because this case does not present a justiciable controversy upon which a court may render a declaratory judgment. Guiding principles relative to determining the existence of a justiciable controversy and relative to the scope of a court's power to grant declaratory relief were expressed in Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971) as follows:
"The declaratory relief is sought by virtue of La. CCP Arts. 1871-83. These substantially incorporate the provisions of the Uniform Declaratory Judgments Act.
"The consistent interpretation of the Uniform Act and of our own code articles is that declaratory relief is available only to decide justiciable controversies, and that such enactments do not empower the courts to render advisory opinions on abstract questions of law. Petition of Sewerage & Water Board, 248 La. 169, 177 So.2d 276 (1965); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
"A `justiciable controversy' connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
"See: Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); 6 Moore's Federal Practice, Sections 57.11 and 57.12 (1966); Uniform Declaratory Judgments Act, 9 U.L.A. Section 1, Annotations Note 35 (1965)." Id. p. 918.
Thus, in the absence of a true interest of the plaintiff and the defendant in having the issue resolved, as well as an adversity of interest between them, the relief authorized by the declaratory judgments statute is not available to an applicant. Louisiana Independent Auto Dealers Association v. State, 295 So.2d 796 (La.1974); Cf. In re Gulf Oxygen Walder's Supply Profit Sharing Plan and Trust Agreement, 297 So.2d 663 (La.1974).
Applying these principles to the material allegations in the instant case, we conclude there is no justiciable controversy presented. It does not appear from the pleadings that the petitioners have been prosecuted or threatened with prosecution under the local option ordinance. Compare Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825 (1957) and Theodos v. City of Bossier City, 106 So.2d 851 (La.App., 2d Cir. 1958). The petitioners do not describe the nature of their businesses in their pleadings or allege that they intend or desire to sell alcoholic beverages. The petition does not even allege that they wish to possess or consume such liquids. The petition does aver that Harold Rambin has *502 been denied a license to sell alcoholic beverages by the state because of the ordinance. However, it does not state when or under what circumstances the denial occurred. Moreover, it is clear from petitioners' allegations, as they concede in their brief, that none of them has applied to the pertinent local governing authority for a license to sell alcoholic beverages. One of the grounds for danial of a state license under The Alcoholic Beverage Control Law is an applicant's failure to apply for state and local permits simultaneously or within twenty-four hours of each other. LSA-R.S. 26:78, 278. Petitioners do not attack The Alcoholic Beverage Control Law or allege that they have met all its other requirements for obtaining licenses to sell alcoholic beverages.
Under the facts set forth in the pleadings, it does not appear certain that petitioners would be denied licenses if they fully complied with the requirements of The Alcoholic Beverage Control Law. Also, under these facts, if the declaratory relief prayed for were granted, petitioners still would not necessarily be eligible for licenses to sell alcoholic beverages. Nor do the pleadings make it clear they would be able and willing to take the necessary steps to obtain licenses if the statutes and ordinance complained of were declared unconstitutional.
Based on their pleadings, petitioners' demands present merely abstract questions of law which may arise, but as to which there is no present actual dispute ripe for adjudication. Thus a declaratory judgment based upon evidence properly admissible under the petitioners' pleadings would constitute an advisory opinion having no effect upon true and adverse interests of the parties.
For the foregoing reasons we sustain the exception of no cause of action of the state, and on our own motion take notice of petitioner's failure to state a cause of action for declaratory relief against the other defendants. However, since the grounds for these objections may be removed by amendment of the petition, we will remand the case to the trial court for entry of an order for such amendment within the delay to be determined below.
The judgment is amended, and, as amended, affirmed. Costs of the appeal are assessed to the appellants. The case is remanded for further proceedings consistent with this opinion.