SWIFT, Judge.
The. appellant, Parochial Employees Retirement System of Louisiana, has brought this suit for a declaratory judgment to test the constitutionality of Act 617 *190 of 1976 (LSA-R.S. SStflSl^).[1] Made defendants are the State of Louisiana and Rodney Vincent, the Calcasieu Parish engineer and parish administrator on October 1, 1976, for whose sole benefit the act allegedly was passed.
Defendant Vincent interposed a peremptory exception on grounds of no cause or no right of action which the trial judge referred to the merits without objection. Upon the conclusion of the trial the judge rendered judgment sustaining the exception on both grounds, primarily because he did not find there was a justiciable controversy. The system has appealed from this adverse judgment.
Articles 1971 et seq. of the Louisiana Code of Civil Procedure govern declaratory judgments in Louisiana. Persons whose rights, status, or other legal relations are affected by a statute may have determined any question of construction or validity arising under the statute. (Article 1872). The declaratory judgment provisions are to be liberally construed and administered in order to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. (Article 1881).
In Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9, 11 (1974), our supreme court, commenting on a party’s right to proceed for a declaratory judgment, stated:
"These codal articles create a procedural device by which the courts may make a declaration of rights without executory or coercive relief. The articles are remedial in nature and must be liberally construed. Basic to the exercise of these procedures, however, is the existence of a justiciable controversy. The courts are without power to render advisory opinions on abstract questions." (Emphasis added.)
The court reiterated the requirement of a justiciable controversy for a declaratory judgment and the proscription against advisory opinions in Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (1971), and added:
“A ‘justiciable controversy’ connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon 'Which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.”
The Stoddard case involved an attack by taxpayers on the constitutionality of LSA-R.S. 51:1201 which authorized parishes, municipalities and port authorities to join together and take action to promote industrial development in their combined area. The court said:
"In the instant case, the statute is permissive only. To place the statute into operation requires action by the local governing authorities.
“The petition does not allege that the City of New Orleans has taken any action to implement the statute. On the contrary, the allegations disclose that the City has not implemented it. The plaintiffs seek an injunction on the theory that some action ‘might be initiated’ to implement the statute.
*191 “The petition, in our opinion, affirmatively discloses the absence of a justiciable controversy. A statute cannot be challenged in the abstract. As we have observed, the statute is permissive only. To render it operative requires implementation by the local governing authority, the City of New Orleans. That authority has taken no action to implement it, and whether or not it will ever do so is entirely discretionary. Under the circumstances, we cannot assume that it will act. Clearly, the present attack upon the constitutionality of the statute does not present a justiciable controversy.” (Emphasis added.)
To the same effect are Rambin v. Caddo Parish Police Jury, 316 So.2d 499 (La.App. 2 Cir. 1975); Atchafalaya Basin v. Pequet, 364 So.2d 610 (La.App. 1 Cir. 1978).
As in Stoddard, the statute sought to be declared unconstitutional in the suit before this court is permissive only. It provides that the parish engineer and administrator is entitled to credit for all service in the employment of Calcasieu Parish, including that rendered before he became a member of the system. However, to obtain the pri- or service credit he must apply therefor and pay additional sums into the system.
Like the trial judge, we do not find any allegation or proof that Mr. Vincent has or is going to implement the prior service credit provisions of LSA-R.S. 33:6151.2 by proper application to the board of trustees and payment into the system of some $97,820.70. Therefore, no justiciable controversy exists herein and the exception of no cause of action was properly sustained.
In view of the conclusion we have reached, it is unnecessary for us to consider the other contentions urged by the parties.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it sustains the peremptory exception of no cause of action and dismisses this suit.. The costs of court are assessed to plaintiff-appellant insofar as the law allows.
AFFIRMED.

. The statute provides, in pertinent part:
“A. Notwithstanding any other provision of law to the contrary, any person who is a member of this system on October 1, 1976 by virtue of being the parish engineer and parish administrator for the parish of Calcasieu, and who was formerly the parish engineer for said parish, shall be entitled for credit for all service rendered in the employment of Calcasieu Parish for which he does not otherwise have credit.
“B. In order to obtain credit for this service, the member shall apply therefore to the board of trustees and furnish a detailed statement of all service for which credit is claimed. In addition, with respect to service rendered on and after the date of establishment of this system, the member shall pay into the system . With respect to service which was rendered prior to the establishment of this system, the member shall pay . . ”