CALOGERO, Chief
Justice, concurring in the court’s order.
While I would prefer to see this legal matter resolved more quickly for reasons alluded to hereinafter, I concur in the Court’s action today because I believe that with reasonable expedition on the part of the court of appeal and this Court, a final judgment can be rendered without the issue and the prp-ject involved in this,, case becoming.-moot through the mere passage of time.
Much like in the case of Arata v. Louisiana Stadium & Exposition District, 254 La. 579, 225 So.2d 362 (1969), the supporting financial markets in the instant case apparently need a resolution by this Court as to the legality of the action of the Gaming Commission — not just a decision of the court of appeal followed by, say, a writ denial from this Court. That being the case, the court of appeal’s disposition, though it might be helpful in the exposition of the legal issues, is no more than a way stop towards this Court’s anticipated full treatment of the legal issues. This Court could well, therefore, bypass the court of appeal, and more assuredly prevent a mooting of the issue. We have done that in similarly important cases. See Progressive Security Ins. Co. v. Foster, 704 So.2d 1177 (La.1997); Hainkel v. Henry, 313 So.2d 577 (La.1975).
Nonetheless, I go along with the majority with the expectation that both the court of appeal and this Court will address and resolve the case within the next 30 days or so— a period, in my judgment, that will likely suffice to prevent the bankruptcy referee’s hammer from destroying the project simply because of lack of timely judicial attention to the case. The project should not be defeated simply because of delay within the court system.