Dear Senator Michot:
We are in receipt of your opinion request wherein you inquired about the changes created by Act 337 of the 2004 RegularLegislative Session in the requirements for board members of Crimestoppers organizations. Your concern is that the new statute prevents law enforcement officials and government employees from serving on the board whereas the prior statute did not include the new language that now, as written, seems to affect long-term board members.
According to my research, and as per our conversation, the Operational and Administrative Standards Manual of Crime Stoppers International, Inc., the parent organization of all "Crime Stoppers" programs, provides that the Board of Directors can not consist of voting members who are active law enforcement officers, criminal justice representatives/employees or government officials. (See, 1999 Operational and Administrative StandardsManual, pg. 5, Operating Standards paragraph 5). Reading Act 337
of the 2004 Regular Legislative Session, the new language in the statute does not change or affect the membership of long-term board members. The language of the statute tracks the policy already in existence under the operating standards of the organization.
Nevertheless, the Louisiana Legislature under well-established principles of constitutional interpretation possesses plenary authority to enact any legislation not prohibited by the constitution. Hainkel v. Henry, 313 So.2d 577 (La. 1975). Therefore, our office is of the opinion that unless there is a particular constitutional provision which prohibits the legislature from prohibiting law enforcement officials and government employees from serving on the board as voting members, the statute in question would not be subject to attack.
Further, as expressed by Greg MacAleese, in "The Role of the Boardof Directors," the Board's composition "should represent a cross-section of the community but should not contain law enforcement officers since this creates a potential conflict of interest." (See, Overview, p. 2.2). MacAleese further notes that in addition to sworn law enforcement officers, elected officials or candidates for potential office should not be on the board, as it eliminates any potential "political tinge" about Crime Stoppers. (See, Members of the Board, p. 2.6). Interestingly, the legislature declares in the body of the statute, that the activities related to the crime stoppers mission, such as paying rewards, operating hotlines and obtaining information on criminal activities along with the revenues raised for those purposes are directly related to the administration of the criminal justice system. Act 337 of the 2004 Regular Legislative Session. An inference can be drawn from the wording of the statute that the legislature has similar concerns.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitant to contact us.
Yours very truly,
 ATTORNEY GENERAL CHARLES C. FOTI, JR.
By: _______________________
 CHARLENE PATTERSON Assistant Attorney General
/cp