STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-121

GERALD BORDELON

VERSUS

FULCRUM INSURANCE COMPANY, ET AL.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2001-3147,
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

REVERSED AND REMANDED.

Joe A. Brame
Brame & McCain
426 Kirby Street
Lake Charles, Louisiana  70601
(337) 439-4571
Counsel for Defendant/Appellant:
        Fulcrum Insurance Company
        Pedersen's Lake Charles Auto Auction, Inc.
        Uylonda Uyvette Pete

L. Lane Roy
Jeanne M. Bourque
Preis, Kraft & Roy
Post Office Drawer 94-C
Lafayette, Louisiana  70509
(337) 237-6062
Counsel for Defendant/Appellee:
        Coregis Insurance Company

**Robert C. McCorquodale**
**Calcasieu Parish Sheriff's Office**
**1011 Lakeshore Drive, Suite 305**
**Lake Charles, Louisiana 70601**
**(337) 491-3623**
**Counsel for Defendant/Appellee:**
        **Calcasieu Parish Sheriff's Office**

**William S. Neblett**
**Neblett, Beard & Arsenault**
**Post Office Box 1190**
**Alexandria, Louisiana 71309-1190**
**(318) 487-9874**
**Counsel for Plaintiff/Appellee:**
        **Gerald Bordelon**

SULLIVAN, Judge.

Gerald Bordelon was injured when an automobile allegedly owned by the Calcasieu Parish Sheriff's Office (the Sheriff) and driven by an employee of Pedersen's Lake Charles Auto Auction, Inc. (Pedersen's) struck him during an auction. Fulcrum Insurance Company (Fulcrum), Pedersen's insurer, filed a Petition for Declaratory Judgment, seeking a judgment ranking its policy and the Sheriffs' insurance policy with regard to the accident. The trial court granted judgment; Fulcrum appeals. For the following reasons, we reverse.

### *Discussion*

In his Petition for Damages, Mr. Bordelon alleges that he was injured on August 16, 2000, when he was struck by an Aerostar van owned by the Sheriff and driven by Pedersen's employee, Uylonda Uyvette Pete. Fulcrum sought a declaratory judgment on the ranking of its policy and the policy issued to the Sheriff by its insurer, Coregis Insurance Company (Coregis), in light of the self-insured retention provision in the Sheriff's policy and the "other insurance" clauses contained in its policy and Coregis' policy.

At the outset of its brief, Coregis[1] urges that Fulcrum has misstated and/or misrepresented the facts established in this litigation and asserts that declaratory judgment is not proper because the evidence does not establish that the van at issue was owned by the Sheriff. Without proof of this fact, there is no basis for the Sheriff or Coregis being liable herein.

In all of its responsive pleadings, Coregis denied all allegations that the van involved in this accident was owned by the Sheriff. The Sheriff answered allegations regarding ownership of the van as follows:

---

[1]The Sheriff adopts the arguments made by Coregis in its appellate brief.

1)  Mr. Bordelon alleges in Paragraph 4 of his First Supplemental and Amending Petition, Second Supplemental and Amending Petition, and Third Supplemental and Amending Petition: "Upon information and belief, the Aerostar van was owned by the Calcasieu Parish Sheriff's Department."

    The Sheriff answered: "It is unknown at this time what Aerostar van plaintiff is referring to. Consequently, though it is possible the van was owned by the Calcasieu Parish Sheriff's Office, until further information can be obtained these allegations are denied."

2)  Uylonda Uyvette Pete and Fulcrum allege in their Cross-Claim: "At the time of the said accident, Pete was operating with permission a Ford Aerostar van, VIN 1FMCA11U9SZC07370, owned by [Calcasieu Parish Sheriff Beth] Lundy."

    The Sheriff answered: "It is admitted defendant, Calcasieu Parish Sheriff Beth Lundy, submitted a Ford van for sale through the service provided at the auto auction."

3)  Uylonda Uyvette Pete and Fulcrum further allege in their Cross-Claim: "PETE was in the course and scope of her employment for PEDERSEN'S LAKE CHARLES AUTO AUCTION, INC., to which entity LUNDY had delivered the said van for auction, which required that the said van be driven by an employee of PEDERSEN'S LAKE CHARLES AUTO AUCTION, INC."

    The Sheriff answered: "Defendant, Calcasieu Parish Sheriff Beth Lundy, is not privy to the rules and business practices of Pedersen's Lake Charles Auto Auction, Inc., and as a result cannot respond to this allegation at this time."

4)  In its Petition for Declaratory Judgment, Fulcrum asserts: "Sheriff Lundy was the owner of the automobile involved in the subject accident, which was being driven with permission by an employee of Pedersen's Lake Charles Auto Auction, Inc."

    The Sheriff answered: "It is admitted that the Calcasieu Parish Sheriff's Office owned a vehicle that was turned over to Pedersen's Lake Charles Auto Auction, Inc. to sell."

2

Generally, a declaratory judgment should not be maintained unless the matter presents a "justiciable controversy," one that involves a "specific adversary question or controversy . . . based on an existing state of facts." *Tugwell v. Members of Bd. of Highways*, 228 La. 662, 679, 83 So.2d 893, 899 (1955). Fulcrum's Petition for Declaratory Judgment seeks resolution of a specific adversarial controversy; however, the existing facts do not establish that it is entitled to the judgment it seeks. At the declaratory judgment hearing, Fulcrum introduced into evidence a copy of its insurance policy, a copy of Coregis' insurance policy, a copy of Uylonda Uyvette Pete's deposition, and a copy of the first page of the Sheriff's answer to its Petition for Declaratory Judgment. These documents do not establish that the Sheriff owned the Ford Aerostar van that Mr. Bordelon alleges hit him. The Sheriff does not admit in any of her responsive pleadings, including the Petition for Declaratory Judgment, that she owned the Ford Aerostar van in question. Therefore, her responses are not judicial confessions, *Perry v. Perry & Sons Vault & Grave Service*, 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611, *writs denied,* 04-1504, 04-1610, 04-1616 (La. 10/1/04), 883 So.2d 1011, 1012, and do not constitute proof that she owned the van. La.Civ.Code art. 1853.[2] Without evidence that the Sheriff owned the van at issue, there is no justiciable issue regarding the ranking of Fulcrum's and Coregis' policies. *Prator v. Caddo Parish,* 04-794 (La. 12/1/04), 888 So.2d 812.

---

[2]Louisiana Civil Code article 1853 provides in part: "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it."

***Disposition***

The judgment of the trial court is reversed, and the matter is remanded for further proceedings. All costs of this appeal are assessed to Fulcrum Insurance Company.

**REVERSED AND REMANDED.**