GONZALES, Judge.
Plaintiffs filed a petition alleging that defendants Dale Guillot, Justin Zitler and Robert Harvey Sr. had repeatedly contended that plaintiff Bill Lynch, the Inspector General, had no authority and should be removed from office in a quo warranto proceeding.[1] District Attorney Cheney Joseph was included as a defendant because his office had authority to conduct quo warranto proceedings, the petition alleged. Plaintiffs asked that the court render a declaratory judgment, stating (1) that District Attorney Joseph was not obligated to file a quo warranto proceeding against Inspector General Lynch; (2) that the office of Inspector General was lawfully established and existed as a subdivision of the Division of Administration; (3) that the Inspector General had authority to carry out its duties under La. Constitution 1974, Article 4, Section 5(C) and La.R.S. 49:212; (4) that Inspector General Bill Lynch lawfully held the office of Inspector General (5) and that Executive Orders BR 88-10 and 88-26 remained in force and effect. See La. C.C.P. art. 1.871, 1872; Blaize v. Hayes, 204 La. 263, 15 So.2d 217 (1943), (appointments to fill vacancy in public office are cases of public importance.) See also Hainkel v. Henry, 313 So.2d 577 (La.1975), stating that where the issue was the effect of certain provisions of the constitution on legislative actions, declaratory judgment *712 was proper. Contra, Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971), (issues of budgetary “procedure” and state’s lease rentals was not a “justifiable controversy” for declaratory judgment.)
Plaintiffs and defendants both filed motions for summary judgment. The trial court rendered judgment in favor of plaintiffs providing, in pertinent part, as follows:
1. The Office of the Inspector General is lawfully established and exists as a subdivision of the Division of Administration.
2. That the Inspector General has authority to investigate to see that the laws of the State are faithfully executed, and perform inspections, visitations and examinations of all budget units and their records to see that the law is faithfully executed, that the budget system is properly operated and that the budget units are keeping within their allotments and appropriations and in the name of the Governor to obtain reports' under LSA-Const. Article 4, Section (5)(C) and LSA-R.S. 49:212.
3. That the Plaintiff, Bill Lynch, lawfully holds the office of Inspector General.
4. That Executive Orders BR 88-10 and 88-26 remain in full force and effect.
The defendants are appealing that judgment.
Rule 1-3 of the Court of Appeal Uniform Rules provides:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, sec. 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
Defendants have failed to make any specification or assignment of error to the trial court judgment; however, in the interest of justice, we shall address their arguments.
The appellants assert that the trial court’s judgment in appellee’s favor fails to enforce the “checks and balances” feature inherent in the “sunset” law governing executive orders, La.R.S. 49:215.
Governor Roemer created the office of Inspector General by Executive Order BR 88-10 issued April 4, 1988. At that time, La.R.S. 39:3 allowed the Division of Administration to be subdivided by executive order as follows:
The Division of Administration shall consist of the position of commissioner of administration, and such other subdivisions or sections as are deemed necessary, in the opinion of the governor, to carry out budgeting, accounting controls, central purchasing, and purchasing supervision and centralized state planning as provided for in this Chapter. These subdivisions and sections shall be established by executive order of the governor.
An amendment to La.R.S. 36:4(B)(3), effective March 28, 1988, (a few days prior to the issuance of executive order BR 88-10) provided:
The governor may allocate within his office the powers, duties, funds, functions, appropriations, responsibilities, and personnel of the agencies within his office, provide for the administration thereof and for the organization of his office.
Under this amendment, the governor was authorized to take an unclassified aide position in his office and place that aide in charge of the Division of Administration Internal Audit Section, thereby creating the Inspector General.
Executive Order BR 88-10 provides as follows:
NOW, THEREFORE, I BUDDY ROEMER, Governor of the State of Louisiana, by virtue of the authority vested in me by the Constitution and Laws of the State of Louisiana, do hereby establish in the Executive Department, Office of the Governor, Division of Administration, the Office of State Inspector General, to examine, investigate, and make recommendations with respect to the prevention, and detection of waste, inefficiencies, mismanagement, and abuse in *713 all the state agencies, boards, commissions, authorities, task forces, departments and divisions of the executive branch of state government. (Emphasis added.)
There are many subdivisions in the Division of Administration. Executive Order BR 88-26, signed September 1, 1988, sets out these subdivisions. Defendants contend that those subdivisions in the Division of Administration, including the office of the Inspector General, which are not established by statute, ceased to exist at the end of the first year under La.R.S. 49:215 because they were not ratified by the legislature. Louisiana Revised Statute 49:215 provides:
A. The authority of the governor to see that the laws are faithfully executed by issuing executive orders is recognized.
B. Each executive order issued by the governor shall be published in the Louisiana Register as required by the provisions of R.S. 49:954.1.
C. Each executive order issued by the governor shall terminate and shall be void and of no effect on such date as shall be provided in the executive order or a subsequent executive order. If no such termination date is provided by executive order, the order shall terminate sixty days following adjournment sine die of the regular session of the legislature after the issuing governor leaves office.
If appellant’s argument had merit, La. R.S. 39:3 would be superfluous. All subdivisions would be covered by the authority to create executive branch agencies by executive order found in La.R.S. 49:215. With their argument, defendants ignore the fact that the auditors of the Division of Administration (of which the office of Inspector General is a subdivision) receive authority by statute. Louisiana Revised Statute 39:7 provides:
The governor may provide for inspections, visitations, and examinations of all budget units and their records by employees and agents of the governor or the budget office to see that the law is faithfully executed, that the budget system is operating properly, and that the budget units are keeping within their allotments and appropriations.
Louisiana Revised Statute 39:8 provides:
The governor may, in his discretion, delegate such authority as is vested in him by this Chapter to the commissioner of administration and to such other agents or representatives as he deems necessary to carry out the provisions of this Chapter.
Thus, complete statutory authority exists for the Inspector General to do his duties by directing the auditors of the Division of Administration. The existence or nonexistence of the Office of the Inspector General as a free standing subdivision of the Division of Administration does not affect the authority of the auditors of the Division of Administration to investigate to determine whether the law is being faithfully executed. The governor has a constitutional duty under the Louisiana Constitution of 1974, Article 4, Section 5, which he can delegate.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed against appellants.
AFFIRMED.

. Three lawsuits were filed in state district court by the three defendants wherein demands were asserted that the Attorney General should file quo warranto proceedings against Lynch. See # 358-491, in which Judge Higginbotham determined that a declaratory judgment suit was the proper vehicle to litigate the issues presented in the suit now being appealed.