LEBLANC, Judge.
Defendants, the Board of Trustees of the State Employees Group Benefits Program (Group Benefits) and Lynn Browning, appeal the judgment of the trial court granting summary judgment in favor of plaintiffs, Edwin W. Edwards, Governor of the State of Louisiana, and Bill Lynch, State Inspector General.
Group Benefits administers an accident and health insurance program for State employees and their families. Based on allegations that medical reimbursement claims for family members of Betty Browning, Group Benefits’ Claims Processing Manager, were improperly paid, Bill Lynch began an investigation. Although some requested information was provided, Group Benefits denied Bill Lynch’s subsequent request to examine certain claims documents. Plaintiffs filed a petition for declaratory judgment seeking to have the court declare plaintiffs authorized to inspect and examine claims records submitted to Group Benefits.
The district court rendered judgment in favor of the plaintiffs, ruling that the Inspector General may inspect, examine and copy the Group Benefits claims records which were sought. Defendants appeal, arguing (1) the Inspector General has no authority to examine the claims records, and (2) the right to privacy protects the claim records from examination.
I.
Defendants argue the Inspector General’s authority does not include the right to examine and inspect the records of Group Benefits. La. Const. art. IV, § 5 provides, in part:
(A) Executive Authority. The governor shall be the chief executive officer of the state. He shall faithfully support the constitution and laws of the state and of the United States and shall see that the laws are faithfully executed.
La.R.S. 39:7 provides:
The governor may provide for inspections, visitations, and examinations of all budget units andjjjtheir records by employees and agents of the governor or the budget office to see that the law is faithfully executed, that the budget system is operating properly, and that the budget units are keeping within their allotments and appropriations.
Authorization to delegate this authority is found in La.R.S. 39:8, which provides:
The governor may, in his discretion, delegate such authority as is vested in him by this Chapter to the commissioner of administration and to such other agents or representatives as he deems necessary to carry out the provisions of this Chapter.
*778 Therefore, as a budget unit, Group Benefits is subject to inspections and examinations by designated agents of the governor. The Office of Inspector General was established by Governor Edwin W. Edwards by Executive Order EWE 92-59, to examine and investigate the departments, agencies, boards, commissions, authorities, task forces, and divisions under the authority of the Governor. Moreover, in Roemer v. Guillot, 616 So.2d 711, 712-13 (La.App. 1st Cir.1992), we held there is both constitutional and statutory authority, apart from any Executive Order, for the Inspector General to do his delegated duties.
II.
Defendants also argue that federal and state constitutional rights of privacy protect the claims records from examination. They rely on the decision on rehearing in Hondroulis v. Schuhmacher, 553 So.2d 398 (La.1989), and assert the protection of the right to choices in medical treatment recognized in Hondroulis affords the same protection to the records sought in this case.
“Right of privacy” cases involve at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions. Whalen v. Roe, 429 U.S. 589, 598-600, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). Disclosure of private information to certain parties is often an essential part of modern medical practice. Whalen, 429 U.S. at 602, 97 S.Ct. at 878. Thus, the confidentiality prong of the right of privacy offers only limited protection to a narrow class of information, and that the right does not protect information from disclosure if the individual’s interest in privacy is outweighed by the government’s interest in disclosure. In Re the August, 1993 Regular Grand Jury, 854 F.Supp. 1380, 1385 (S.D.Ind.1994).
In the instant case, employees of the state who utilize the program provided by Group Benefits can reasonably expect submitted claim forms to be subjected to administrative and financial investigation and examination.
The government’s interest in disclosure in this case is limited only to claims records, not private medical information, and is necessary to prevent, waste, inefficiencies, and abuse. The state clearly has an interest in reducing fraudulent claims and in improving the efficiency of State budget units. Thus, the limited disclosure, as requested in plaintiffs’ petition, of only “those claims that are the subject of this examination ‘with all medical information (i.e., information concerning diagnosis, prognosis, treatment, etc.) covered and concealed in a way that allows inspection, examination and copying of the original documents without revealing medical information” does not constitute an invasion of a right of privacy protected by the state or federal constitution.
Accordingly, the judgment of the trial court, granting summary judgment in favor of plaintiffs, is affirmed. Costs of this appeal, in the amount of $215.42, to be paid by defendants.
AFFIRMED.