LOTTINGER, Judge.
This matter is before the court on both a motion to dismiss as well as on the merits.
On or about September 1, 1971, Mrs. Peggy Richards, Director of the Louisiana State Museum, directed a letter to Mr. Harold E. Forbes, Secretary of the Louisiana Commission on Governmental Ethics (hereafter referred to as the Commission) presenting a proposed contract which had been approved by the Board of Managers of the Louisiana State Museum for the employment of George M. Leake and Samuel Wilson, Jr., as architects in connection with the restoration of a historical landmark in the city of New Orleans, known as “Madame John’s Legacy.” She enclosed with her letter a copy of a letter from the office of the Commissioner of Administration of the State of Louisiana requesting that the museum obtain an advisory opinion from the Commission as to whether or not the employment of the said architects by the museum would be in violation of the code of ethics.
The Commission considered the request from Mrs. Richards on October 8, 1971, and on motion of Mr. Bussie, seconded by Mr. Goldsmith, instructed the secretary of the Commission to advise Mrs. Richards that the appointment of Mr. Leake would be in violation of the code of governmental ethics as he was chairman of the Louisiana Historical Preservation and Cultural Commission.
On October 20, 1971, Mrs. Richards wrote another letter to Harold E. Forbes, Secretary of the Commission, pointing out that they needed a clarification of their previous request concerning the appointment of George M. Leake as architect for the restoration and repair of Madame John’s Legacy because she was not sure whether it was because Leake was chairman of the Louisiana Historical Preservation and Cultural Commission that there was a violation and, furthermore, they had said nothing about the employment of *677 Samuel Wilson, Jr. She also asked in this letter whether or not these architects could resign from the Louisiana Historical Preservation and Cultural Commission and accept the employment.
The Commission considered this second letter at their meeting on November 12, 1971, and reaffirmed their previous ruling that Mr. Leake’s appointment as architect would be in violation of the Code of Governmental Ethics and that the employment of Samuel Wilson, Jr. would also be in violation of such code and, furthermore, that these architects could not resign their position with the Louisiana Historical Preservation and Cultural Commission because if they did they would be in violation of the post employment provision of the Code of Ethics.
Thereafter the appellants employed counsel who wrote a letter to the Commission seeking to show that there was no conflict of interest in the employment of these architects by the museum. Following consideration of this letter, the Commission reaffirmed its previous position that the employment of the two architects would be violative of the Code of Ethics.
The two architects have taken an appeal.
The Commission filed a motion to dismiss based upon two grounds: first, that the appellants have no right to appeal from the Commission’s rendition of an advisory opinion, and second, even if such a matter were appealable, the application for appeal filed on behalf of appellant was not timely submitted and, accordingly, this court is without jurisdiction.
The commission was created under the provision of Article 19, Section 27 of the Constitution of the State of Louisiana. Subsection 3, Paragraph C, Subparagraph 3 of said Section provides as follows:
“Whenever action is taken against any employee by the Commission or by an agency head at the order or request of the Commission, the employee shall have the right to appeal therefrom to the Court of Appeals, First Circuit if application to the Commission is made within 30 days after the commission’s decision becomes . final. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging of such appeals.”
Thus, the Constitution provides for appeals only when there is “action taken against any employee” and only when the Commission “decision becomes final.”
The legislátive enactment setting up the Commission is Title 42, Section 1111, et seq., of the Louisiana Revised Statutes, R.S. 42 :- 1121 paragraph (E) provides in part as follows:
“Appeals from decisions involving disciplinary actions taken by the head of any agency or by the commission against state employees or other persons for violations of the provision of this part shall be in accordance with the following provisions :
‡ jji ‡ ifc ifi #
(3) Whenever action is taken against any employee or person by the commission or by an agency head at the order or request of the commission, or whenever any individual, employee or person is aggrieved by any action taken by the commission or by any agency head at the order or request of the Commission, such individual, employee or person shall have the right to appeal therefrom to the Court of Appeal, First Circuit, if application to the commission is made within 30 days after the commission’s decision becomes final.”
Therefore, it is apparent from the legislative enactment that appeals lie only from a decision in which disciplinary action is taken against any employee and only after the decision becomes final.
R.S. 42:1119, subd. D, Section (4) grants the Commission the right to conduct private or public hearings on complaints and “. . . to take or order action to be taken against any employee or other person *678 only after a public hearing . . . ” This section further provides that no action shall be taken against any employee or other person at a private hearing. Paragraph D, Subsection (9), of this Section further provides as follows:
“It (the Commission) shall be empowered to render advisory opinions to employees, agency heads, elected officials and interested citizens with respect to the provisions of this Part and rules and regulations issued by the commission.” (Italics supplied.)
It is apparent to this court that the decision rendered by the Commission in this case was merely an advisory one under the provisions of the last quoted subsection. Here there was no notice of the hearing, there was no adversary hearing, and furthermore, the Commission did not take or order action to be taken against any employee or other employee only after a public hearing as is provided in subsection 4 of paragraph D, Section 1119. The only thing done by the Commission was to give a letter opinion based upon the facts given it by letter.
The rendition by the Commission of this opinion was not an adjudication of anything that transpired at a public hearing. There was no adverse positions or disputed issues before the Commission; there was no final determination or resolution of issues; there was no decision disposing of adverse positions; there was no taking of evidence; no one has appeared under oath; there was no examination of witnesses, production of evidence, or filing of pleadings. The only activity involved herein by the Commission is its response by letter to a request for an advisory opinion.
The promulgation by the Commission of the advisory opinion was nothing more than a solemn expression by the Commission in writing of the propriety of conduct outlined to it in the letters requesting the opinion. It was necessarily based only upon the precise factual situation presented. It has no force nor effect whatsoever.
We therefore conclude that no appeal lies from the opinion of the Commission and, for the reasons hereinabove discussed the appeal will be dismissed, all costs to be paid by appellant.
Appeal dismissed.