484 So.2d 845 (1986)
BOARD OF COMMISSIONERS, FIFTH LOUISIANA LEVEE DISTRICT and Michael O. Hesse
v.
COMMISSION ON ETHICS FOR PUBLIC EMPLOYEES.
No. 84CA1364.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Writ Denied May 1, 1986.
*846 Michael O. Hesse, St. Francisville, and C. Calvin Adams, Jr., Tallulah, and R. Bruce Macmurdo, Baton Rouge, for plaintiffs-appellants Michael O. Hesse and Board of Com'rs, Fifth La. Levee Dist.
Maris E. LeBlanc and Peter G. Wright, Baton Rouge, for defendant-appellee Commission on Ethics for Public Employees.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court granting a peremptory exception of no cause of action.

FACTS
Appellant, Michael O. Hesse, was employed as an assistant attorney general with the State Department of Justice from May 15, 1981, through October 1, 1982. While acting in his capacity as assistant attorney general, Hesse represented the Fifth Louisiana Levee District (Levee District) in cases which were then in litigation *847 or on appeal in the courts of Louisiana. After resigning from his position as assistant attorney general, Hesse entered into a contract with the Board of Commissioners of the Fifth Louisiana Levee District whereby he agreed to render legal services for the Levee District in 1) cases in which Hesse had represented the Levee District while serving in his capacity as assistant attorney general, 2) cases pending trial or assignment for trial in which Hesse had not been involved as counsel while serving as assistant attorney general, and 3) cases in which Hesse, in his capacity as assistant attorney general, represented the state as an amicus party and in which the Levee District was not a party.
By letter dated November 30, 1982, the Levee District requested an advisory opinion from the Commission on Ethics for Public Employees (Commission) regarding the application of La.R.S. 42:1121 to the contract. The Commission responded by issuing Advisory Opinion No. 82-186 which stated that Hesse was prohibited by La. R.S. 42:1121 B from contracting with the Levee District to perform legal services in any of the three enumerated categories of cases. The Commission found that the legal services that Hesse had contracted to perform were the same services which he had performed for the Levee District as assistant attorney general. Were Hesse not under contract to render those legal services for the Levee District those services would continue to be performed by the Department of Justice. Therefore, Hesse had contracted to render legal services for his former agency, in contravention of La. R.S. 42:1121 B.
By letter dated February 8, 1983, the Levee District sought the Commission's approval to pay Hesse for legal services which had been rendered prior to the issuance of the Commission's advisory opinion. The Commission responded that such payment would constitute a violation of La.R.S. 42:1121 B and should this alleged violation occur, the Commission was prepared to take appropriate administrative action.

TRIAL COURT
On February 10, 1983, a suit was filed by both the Levee District and Hesse seeking injunctive relief and a declaration of legal rights under La.R.S. 42:1121 B. The Commission filed an exception of no right of action against the Levee District which was maintained by the trial court. Plaintiffs' request for injunctive relief was denied. The Levee District appealed and we reversed holding that since the Commission's statutory interpretation could result in the nullification of the contract both contracting parties had a right of action to seek a declaratory judgment. Board of Commissioners, Fifth Louisiana Levee District v. Commission on Ethics for Public Employees, 457 So.2d 802 (La.App. 1st Cir. 1984). No appeal was taken from the denial of injunctive relief.
Hesse subsequently filed a motion for partial summary judgment seeking a determination of his contractual rights under La.R.S. 42:1121 B. The Commission raised the exceptions of no cause of action and lack of subject matter jurisdiction. The exception of no cause of action was maintained by the trial court and Hesse's petition was dismissed.
From this judgment Hesse appeals alleging as error (1) the trial court's determination that the petition failed to state a cause of action for a declaratory judgment and (2) the trial court's failure to grant plaintiff's motion for partial summary judgment.

NO CAUSE OF ACTION
A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
La.C.C.P. art. 1872. Since a court is without power to render advisory opinions a *848 declaratory judgment may only be rendered in cases where a justiciable controversy exists. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964). The Louisiana Supreme Court has interpreted the term justiciable controversy to mean a case in which the plaintiff has a real interest in obtaining a judgment and the defendant an interest in opposing plaintiff's claim. Louisiana Independent Auto Dealers Association v. State, 295 So.2d 796 (La.1974).
Hesse has a real interest in obtaining a declaratory judgment because he seeks to have the court clarify the legal significance of his contemplated actions. Should he proceed to act without benefit of a declaratory judgment he may be subjecting himself to the imposition of administrative sanctions. The Commission, by its own assertions, considers itself to have a tangible interest in opposing Hesse's action. Accordingly, the case before us presents a justiciable controversy.
A cause of action exists when the law affords a remedy for the particular grievance alleged by the plaintiff. Babineaux v. Pernie-Bailey Drilling Co., 262 So.2d 328 (La.1972). The only question is whether there is some legal bar to Hesse asserting his grievance through the declaratory judgment procedure.
There is no appeal from an advisory opinion rendered by the Commission. Louisiana Commission on Governmental Ethics v. Leake, 264 So.2d 675 (La.App. 1st Cir.1972). Additionally, La.R.S. 42:1141-1143 provide the appropriate procedure to be followed where the Commission has initiated the administrative process toward determining whether a violation of the ethics code has occurred, and if so, the appropriate penalty to impose. In Board of Commissioners of the Port of New Orleans v. Louisiana Commission on Ethics for Public Employees, 416 So.2d 231 (La. App. 1st Cir.1982), writ denied, 421 So.2d 248 (La.1982) we held that where the Commission had commenced a private investigation pursuant to La.R.S. 42:1141 plaintiff's suit for a declaratory judgment and injunctive relief was premature because plaintiff had failed to exhaust available administrative remedies.
Hesse, however, has no available remedy to pursue. The Commission has rendered an advisory opinion at the request of the Levee District in reference to action by the District and Hesse. He has no appeal nor administrative relief from the advisory opinion. He knows that if he proceeds he will subject himself to possible civil penalties since the Commission has informed him of its position. Yet there is no further relief he can seek from the Commission. The courts are his only resort. Without resort to the courts at this point, the appellant would most certainly subject himself to civil penalties and the public embarrassment of being cited by the Commission. The alternative would be not to proceed with the contract. Then the Commission would be effectively prohibiting what might very well be a legitimate contractual arrangement simply by issuing advisory opinions. Thus, the original position of the Commission that any judicial review of the Commission's advisory opinions would circumvent the administrative procedure established by La.R.S. 42:1141 et seq., is wrong.
Apparently recognizing this error the Commission now argues that Hesse should and does have a right of judicial review but it is by the exercise of this court's supervisory jurisdiction rather than through the district court via a suit for a declaratory judgment. There are compelling reasons for finding this new position to be correct.
The scheme of La.R.S. 42:1141 et seq. is that the Commission (both public employees and elected officials) makes the initial investigation and determination of ethics violations. Whenever the Commission, following the statutory procedure, takes action, the person against whom the action is taken has the right to appeal that action to the First Circuit Court of Appeal. Thus, the statutory scheme places the Commission in the same position as a district court. Yet there must be judicial relief for the person or agency aggrieved by actions of *849 the Commission where the administrative procedure for taking such action has not yet been initiated. Otherwise, the mere fact of possible action by the Commission could have a chilling effect on legitimate contractual relationships. The declaratory judgment action would ordinarily supply the method for judicial intervention. However, to allow its use here would involve the district court in questions of interpretation and application of the ethics code where the legislative scheme is to avoid litigation of these questions in the district court.
It is apparently for these reasons that La.R.S. 42:1142 provides specifically that, "Any preliminary, procedural, or intermediate action or ruling by an ethics body is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution." We hold that an advisory opinion by the Commission is a preliminary or intermediate action or ruling by an ethics body within the meaning of La.R.S. 42:1142. Hesse or the Levee District is entitled to invoke the supervisory jurisdiction of this court from the advisory opinion. Since they are given a specific remedy to this court by La.R.S. 42:1142, this precludes a suit for a declaratory judgment in the district court. Consequently, the law does not afford the remedy of declaratory judgment in the district court for interpretations of statutes comprising the ethics code. The trial court was correct in granting the exception of no cause of action.

EXERCISE OF SUPERVISORY JURISDICTION BY THIS COURT
Even though the Commission has initiated no administrative action, an advisory opinion has been rendered which places the Levee Board and Hesse in the position of either foregoing their contract or running the risk of having penalties imposed by the Commission. We find merit in the position of Hesse and the Levee Board. They have already been to this court twice to seek relief from what we find to be an erroneous interpretation of the ethics code by the Commission. It is not in the interest of justice that they be forced to apply to this court for relief a third time on a meritorious claim, nor that they be forced alternatively to subject themselves to possible penalties from the Commission by simply proceeding with the contract. Consequently, we will treat the present appeal as an application by Hesse for supervisory relief from this court and under the circumstances, considering the parties could suffer irreparable injury, we will exercise our supervisory jurisdiction. Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978); Jones v. MFA Mutual Insurance Company, 398 So.2d 10 (La.App. 3rd Cir.1981).

APPLICATION OF LA.R.S. 42:1121 B TO THE HESSE-LEVEE BOARD CONTRACT
The specific language which the Commission determines prohibits the contract between Hesse and the Levee District is the following:
No former public employee shall, for a period of two years following the termination of his public employment ... render, on a contractual basis to or for the agency with which he was formerly employed, any service which such former public employee had rendered to the agency during the term of his public employment. (Emphasis supplied)
La.R.S. 42:1121 B. The Commission has determined that the language "for the agency with which he was formerly employed" means that services performed for an agency other than the one which employed the former public employee, but for which the former employing agency would otherwise be responsible, are services for the former employing agency. This is an interesting interpretation, but it ignores other requirements in the statute. The statute prohibits rendering services "on a contractual basis ... for" the former employing agency. Obviously, this contemplates prohibiting entering into a contract with the former employing agency to perform *850 services for that agency. Hesse may be performing services in the broad sense that are for the attorney general's office in that if he did not do so they might have the responsibility. However, he has not contracted with the attorney general's office to perform these services for them. He has contracted with the Levee District to perform the services for the Levee District. The attorney general's office is only peripherally involved.
The clear language of the ethics code is that the prohibition is against contracts with the former employing agency to render services for that agency. The clear language does not prohibit rendering services that might indirectly be for the former agency so long as there is no employment contract with the former agency. The reasoning behind the prohibition as provided for in the statute is apparent. Public employees should not be able to use their positions of employment to seek or gain a contract with their employer to render the same services for their employer at a higher price or with a better arrangement. In that situation a real conflict of interest exists. In the situation before the court the Commission has given an expansive interpretation to the ethics code far beyond the literal language in order to cover an arrangement which presents only a remote possibility of a conflict of interest. Such an interpretation is incorrect. Hill v. Commission on Ethics for Public Employees, 453 So.2d 558 (La.1984).

DECREE
In accordance with the above reasoning we convert this proceeding to an application for relief by the exercise of our supervisory jurisdiction. We grant writs of certiorari and review, make the writs absolute and prohibit the Commission from interfering with the contractual arrangement agreed to by and between Hesse and the Levee District. The costs of this proceeding in the sum of $711.51 are to be paid by the Commission.