CARTER, Judge.
Appellant, R. Bruce Macmurdo, seeks a reversal of an order by the Commission on Ethics for Public Employees (Commission) ordering him to pay a $500.00 fine, suspending him from rendering services to the Board of Elementary and Secondary Education (BESE) pursuant to an October 28, 1982, personal services contract and any extension thereof, and directing that appellant not be compensated for services rendered between August 3, 1984, and October 28, 1984.
FACTS
In 1981, appellant was employed as an attorney by the Louisiana Department of Justice in the Attorney General’s office. While so employed, appellant rendered services for the Attorney General’s office to various state agencies, including BESE. In 1982, the legislature approved funds for BESE to hire a part-time attorney on a contractual basis.
On October 28, 1982, BESE adopted a resolution to retain appellant’s services on a contractual basis beginning December 1, 1982. In November 1982, appellant left the employ of the Attorney General’s office and began performing services pursuant to the contract with BESE the following month.
On September 16, 1983, the Commission adopted a resolution initiating a private investigation to determine whether appellant was in violation of the Ethics Code. The resolution stated:
That Mr. R. Bruce Macmurdo may have violated Section 1121 B of the Code of Governmental Ethics (LSA-R.S. 42:1121 B et seq.) by having, within two years of his termination of employment with the Louisiana Department of Justice, entered into a contract with the Board of Elementary and Secondary Education to provide legal counsel to that board, which same function Mr. Macmurdo had performed as an employee of the Department of Justice.
On February 23, 1984, the Commission concluded its private investigation into the matter and adopted a resolution to file charges against appellant. A public hearing to consider these charges was held on June 28, 1984 and on August 3, 1984. On August 23, 1984, the Commission rendered an opinion in which it ordered appellant to pay a $500.00 fine, suspended appellant from rendering services to BESE pursuant to an October 28, 1982, personal services contract and any extension thereof, and directed that appellant not be compensated for services rendered between August 3, 1984, and October 28, 1984.
From this adverse decision, appellant appeals, assigning the following errors:
1. The Commission erred in interpreting LSA-R.S. 42:1121(B) when it concluded that appellant’s contract to provide legal services to and for BESE was actually “for” the Attorney General and thus in violation of the statute.
2. Even if one accepts the highly creative interpretation of the Commission that LSA-R.S. 42:1121(B) prohibits contracts by former state employees which indirectly “relieve” their former agencies of work, the evidence at the hearing of this matter showed that the work done by Macmurdo would have been done by whoever was the contract attorney for BESE and not by the Attorney General. Therefore, the Attorney General was not “relieved” of any work because of appellant’s contract.
3. The Commission failed to prove (or even suggest a theory of) any conflict of interest by appellant. The Commission’s reliance on its perceived mission to pursue the spirit of LSA-R.S. 42:1121(B) in order to protect the state against the use of professional service contracts reflects an unconstitutional and ultra vires intrusion into the domain of the Civil Service Commission and the legislature — both of whom approved appellant’s contract.
*831 4. The Commission erred by concluding that appellant’s “agency” when employed by the Attorney General was also BESE.
ASSIGNMENTS OF ERROR NOS. 1, 2 & 4
In these assignments of error, appellant contends that his contractual services were rendered to and for BESE and not to and for the Department of Justice. Appellant reasons that because he does not render, on a contractual basis to or for the agency by which he was formerly employed, any services which he had rendered as an employee of that agency, he is not in violation of LSA-R.S. 42:1121(B).
LSA-R.S. 42:1121(B) provides in part:
No former public employee shall, for a period of two years following the termination of his public employment ... render, on a contractual basis to or for the agency with which he was formerly employed, any service which such former public employee had rendered to the agency during the term of his public employment.
In interpreting this provision, this court recently stated in Board of Commissioners, Fifth Louisiana Levee District and Michael O. Hesse v. Commission on Ethics for Public Employees, 484 So.2d 845 (La.App. 1st Cir.1986), as follows:
The specific language which the Commission determines prohibits the contract between Hesse and the Levee District is the following:
No former public employee shall, for a period of two years following the termination of his public employment ... render, on a contractual basis to or for the agency with which he was formerly employed, any service which such former public employee had rendered to the agency during the term of his public employment. (Emphasis supplied)
La.R.S. 42:1121(B). The Commission has determined that the language ‘for the agency with which he was formerly employed’ means that services performed for an agency other than the one which employed the former public employee, but for which the former employing agency would otherwise be responsible, are services for the former employing agency. This is an interesting interpretation, but it ignores other requirements in the statute. The statute prohibits rendering services ‘on a contractual basis. . .for’ the former employing agency. Obviously, this contemplates prohibiting entering into a contract with the former employing agency to perform services for that agency. Hesse may be performing services in the broad sense that are for the attorney general’s office in that if he did not do so they might have the responsibility. However, he has not contracted with the attorney general’s office to perform these services for them. He has contracted with the Levee District to perform the services for the Levee District. The attorney general’s office is only peripherally involved.
The clear language of the ethics code is that the prohibition is against contracts with the former employing agency to render services for that agency. The clear language does not prohibit rendering services that might indirectly be for the former agency so long as there is no employment contract with the former agency. The reasoning behind the prohibition as provided for in the statute is apparent. Public employees should not be able to use their positions of employment to seek or gain a contract with their employer to render the same services for their employer at a higher price or with a better arrangement. In that situation a real conflict of interest exists. In the situation before the court the Commission has given an expansive interpretation to the ethics code far beyond the literal language in order to cover an arrangement which presents only a remote possibility of a conflict of interest. Such an interpretation is incorrect. Hill v. Commission on Ethics for Public Employees, 453 So.2d 558 (La.1984).
*832 In the case sub judice, appellant was employed as an attorney by the Louisiana Department of Justice in the Attorney General’s office from 1981 until November, 1982. On December 1, 1982, appellant began rendering legal services for BESE, pursuant to a contract for personal services with BESE. Clearly, appellant is not rendering services to or for the Justice Department pursuant to a contract with his former employer (the Justice Department). The services rendered by appellant pursuant to the personal services contract were to and for BESE, which is not a violation under LSA-R.S. 42:1121(B). See Board of Commissioners, Fifth Louisiana Levee District and Michael O. Hesse v. Commission on Ethics for Public Employees, supra. Because of our ruling on the previous assignments of error, we find it unnecessary to address Assignment of Error No. 3.
Therefore, for these reasons, the decision of the Commission on Ethics for Public Employees is reversed. Costs in the amount of $50.00 is assessed against the Commission.
REVERSED.