655 So.2d 1355 (1995)
BOARD OF TRUSTEES OF the EMPLOYEES' RETIREMENT SYSTEM OF the CITY OF BATON ROUGE and Parish of East Baton Rouge
v.
COMMISSION ON ETHICS FOR PUBLIC EMPLOYEES.
No. 95 CW 0062.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
*1356 Randy P. Zinna, Baton Rouge, for Bd. of Trustees of Employees' Retirement System of City of Baton Rouge and Parish of East Baton Rouge.
R. Gray Sexton, Maris LeBlanc McCrory, Patricia H. Douglas, Baton Rouge, for Com'n on Ethics for Public Employees.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
LOTTINGER, Chief Judge.
We granted supervisory writs in this case to review a decision of the Commission of Ethics for Public Employees (Commission).

FACTS
The City of Baton Rouge-Parish of East Baton Rouge (City-Parish) created an employee retirement system pursuant to their plan of government. The plan of government and city ordinance establishing the retirement system require that certain individuals be appointed or elected to serve as members of the Board of Trustees of the Retirement System (Board). Some of the board members are City-Parish employees who participate in the retirement system.
Under the retirement system, members with twenty-five years of service may participate in the Deferred Retirement Option Plan (DROP). Annual interest rates for DROP accounts are set by the Board.
On July 19, 1994, Randy Zinna, attorney for the retirement system, requested an advisory opinion from the Commission regarding whether board members who were also members of the retirement system and eligible for DROP could participate in setting the DROP interest rate. The Commission issued its first advisory opinion on November 2, 1994, indicating that participation by a member of the Board in setting the DROP interest rate would be a violation of La.R.S. 42:1112(A) of the Code of Governmental Ethics.
On November 16, 1994, Mr. Zinna requested clarification of the Commission's opinion. The Commission responded on December 2, 1994. In the second advisory opinion, the Commission restated that board members who are eligible to participate in DROP would be prohibited by La.R.S. 42:1112(A) from participating in setting the interest rate on DROP funds. The Commission further stated that board members who participate in DROP would have to resign if the Board considered such an issue.
The setting of the DROP interest rate was scheduled for the December 7, 1994, board meeting. Pursuant to the Commission's advisory opinion, two board members, Donald Nijoka and Roy Hutchinson, resigned.
The Board sought supervisory review of the Commission's advisory opinion. We granted the writ on January 20, 1995. In brief, the parties raise the following issues:
1. Whether it is appropriate for this Court to review an advisory opinion rendered by the Commission.
2. Whether action by the Board constitutes a "transaction involving the governmental entity" as defined in La.R.S. 42:1102(12) & (23).
3. Whether members of the Board are "public servants" as defined in R.S. 42:1102(19).

SUPERVISORY REVIEW OF THE COMMISSION'S ADVISORY OPINION TRANSACTION INVOLVING GOVERNMENTAL ENTITIES
For the reasons assigned in City of Baton Rouge, Parish of East Baton Rouge, Donald Nijoka and Roy Hutchinson v. Commission on Ethics for Public Employees (La. App.1995), 655 So.2d 457, handed down this date, Commission's advisory opinions are properly reviewed by this court under our supervisory jurisdiction. Further, the setting of the DROP interest rate is a "transaction involving the governmental entity" as defined in the Code of Governmental Ethics.

PUBLIC SERVANTS
The Board contends that its members are not "public servants" within the meaning *1357 of the code because they perform no governmental function in administering the private funds of the system.
La.R.S. 42:1102(19) defines public servant as "a public employee or an elected official." Public employee includes:
anyone, whether compensated or not, who is:
(a) An administrative officer or official of a governmental entity who is not filling an elective office.
(b) Appointed by any elected official when acting in an official capacity, and the appointment is to a post or position wherein the appointee is to serve the governmental entity or an agency thereof, either as a member of an agency, or as an employee thereof.
(c) Engaged in the performance of a governmental function.
(d) Under the supervision or authority of an elected official or another employee of the governmental entity.
La.R.S. 42:1102(18). Although it is necessary to meet only one of the criteria listed above, the members of the Board meet the tests contained in subsections (a), (c) and (d).
As explained in City of Baton Rouge, Parish of East Baton Rouge, Donald Nijoka and Roy Hutchinson v. Commission on Ethics for Public Employees (La.App.1995), 655 So.2d 457, the Board is a "governmental entity". Board members are administrative officers or officials who are not filling an elective office. Thus, the board members meet the test set out in subsection (a). With regard to subsection (c), the Board performs a governmental function by administering the retirement system which was established pursuant to the plan of government and municipal ordinances. Finally, board members meet the criteria set out in subsection (d). Metropolitan ordinance 9426 specifies the rules under which the Board operates and the provisions which the Board must enforce. Through this ordinance, the elected metropolitan council exercises supervision or authority over the acts of the Board.
For these reasons, we conclude that board members are public employees within the meaning of the ethics code.

CONCLUSION
For the foregoing reasons, we hold that the Board was not premature in seeking a supervisory writ. We also hold that the Board is a governmental entity and that the setting of the DROP interest rate is a transaction involving a governmental entity within the meaning of the Code of Governmental Ethics. Furthermore, we find that board members are public servants subject to the provisions of La.R.S. 42:1112(A). Accordingly, we find no error with the decision of the Commission of Ethics for Public Employees finding that La.R.S. 42:1112(A) prohibits board members, who are eligible to participate in DROP, from setting the DROP interest rate. Therefore, the writ is recalled, and the application is denied. Costs of this proceeding are assessed against the Board in the amount of $258.00.
WRIT RECALLED AND APPLICATION DENIED.