673 So.2d 201 (1996)
Charles J. FULDA, III
v.
LOUISIANA OFFICE OF PUBLIC HEALTH, Department of Health and Hospitals and the Commission on Ethics for Public Employees.
No. 96-CC-0647.
Supreme Court of Louisiana.
May 10, 1996.
PER CURIAM.
WRIT GRANTED. The Commission on Ethics for Public Employees issued an opinion concluding that plaintiff was a public employee subject to the post-employment restrictions found in the Code of Governmental Ethics and that La.R.S. 42:1121.B. prohibited plaintiff as a former employee of the Office of Public Health from contracting back with his former agency to perform the exact same services which he had provided as an employee. The court of appeal reversed, concluding that the Commission had erred in applying the literal language of the statute to plaintiff's arrangement with the Office of Public Health because of the "unusual circumstances" of his case and the "complete absence of a conflict of interest" in the arrangement.
La.R.S. 42:1121.B. provides (emphasis added):
B. General rule for other public employees. No former public employee shall, for a period of two years following the termination of his public employment, assist another person, for compensation, in a transaction, or in an appearance in connection with a transaction in which such former public employee participated at any time during his public employment and involving the governmental entity by which he was formerly employed, or for a period of two years following termination of his public employment, render, on a contractual basis to or for the agency with which he was formerly employed, any service which such former public employee had rendered to the agency during the term of his public employment.
"Public employee" is defined at La.R.S. 42:1102(18) to include, inter alia, anyone, whether compensated or not, who is "engaged in the performance of a governmental function" or who is "under the supervision or authority of ... another employee of the governmental entity."
In this case, plaintiff, an employee of the Jefferson Group, worked for Jefferson Group on its contract with the Office of Public Health to implement and run the EPHISS project. When the contract terminated, the Office of Public Health directly hired plaintiff for two limited 90 day appointments to run the EPHISS program for the Office of Public Health. At the end of the second appointment, the Office of Public Health desired to directly contract with plaintiff to continue the work he had done as a Jefferson Group employee and as an Office of Public Health employee. The decision was put on hold pending the outcome of an Ethics Commission determination on the issue.
Although plaintiff's employment with the Office of Public Health was only for approximately 6 months, plaintiff nevertheless was a "public employee" under the literal language of La.R.S. 42:1102(18), which definition does not in any way depend on length of employment of the employee. Furthermore, as a former public employee, plaintiff is prohibited under the literal language of La.R.S. 42:1121.B. for a period of two years from his termination from rendering to the Office of Public Health on a contractual basis the same service which he rendered to the agency during his term of public employment. Under the literal and unambiguous language of these statutory provisions, the plaintiff is prohibited at this time from contracting with the Office of Public Health to continue to perform the same work he performed as an employee of the Office of Public Health.
*202 The court of appeal erred in reversing the Ethics Commission's decision simply because it believed there was no actual conflict of interest involved despite the fact that the literal language of the statutes prohibited such conduct. As this court noted in In Re Beychok, 495 So.2d 1278, 1281 (La.1986), "[t]he primary objective of the code is to prevent not only the actuality of conflicts of interest, but also to prevent the occurrence of those situations that tend to create a perception of conflict of interest. It does this by delineating situations that present too great a danger of a conflict of interest occurring."[1]
REVERSED.
LEMMON, J., to grant and docket.
BLEICH, J., not on panel.
NOTES
[1] See also Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752, 755-56 (La. 1983):

The Code is not a criminal statute whose aim is the apprehension and punishment of persons guilty of public wrongdoing. Instead, the primary objective of the legislation is to prevent public officers and employees from becoming involved in conflicts of interests. A conflict of interest is a situation which would require an official to serve two masters, presenting a potential, rather than an actuality, of wrongdoing. The wrongdoing does not have to occur in order for a prohibited conflict to exist. A public official may have done no wrong in the ordinary sense of the word, but a conflict of interest may put him in danger of doing wrong.