703 So.2d 576 (1997)
TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.
v.
COMMISSION ON ETHICS FOR PUBLIC EMPLOYEES.
No. 96-CC-1982.
Supreme Court of Louisiana.
December 2, 1997.
*577 Robert L. Clayton, Chaffe, McCall, Phillips, Toler & Sarpy, Douglas L. Grundmeyer, New Orleans, for Applicant.
R. Gray Sexton, Maris L. McCrory, Baton Rouge, Patricia H. Douglas, Gonzales, Jennifer G. Magness, Baton Rouge, for Respondent.
Kim M. Boyle, Endya E. Delpit, New Orleans, for Regional Transit Authority, Amicus Curiae.
PER CURIAM.
In response to a request for an advisory opinion, the Commission on Ethics for Public Employees ruled that the employees of an allegedly private business corporation that provided the daily operations of the transit system in the New Orleans area were subject to the Code of Governmental Ethics. We granted certiorari to review the decision of the court of appeal that affirmed the advisory opinion. Without reaching the merits of the Commission's advisory opinion, we hold that advisory opinions of the Commission are not subject to the supervisory or appellate jurisdiction of the appellate courts.
At the pertinent time, La.Rev.Stat. 42:1153 authorized the Commission, after notice and hearings, to remove, suspend or order a reduction in pay or demotion of any public employee or person who violated the Code, or to impose a fine. La.Rev.Stat. 42:1134(6) also authorized the Commission, as part of its powers and duties, to render advisory opinions with respect to the Code of Governmental Ethics.[1]
La.Rev.Stat. 42:1142 A authorized an appeal to the court of appeal "[w]henever any action is taken against any public servant or person" by the Commission. Section 1142A further provided in part that "[a]ny preliminary, procedural or intermediate action or ruling by an ethics body is subject to the supervisory jurisdiction of the appellate courts...."
In Fulda v. State of Louisiana, Office of Public Health, Dep't of Health and Hosp., 95-1740 (La.App. 1st Cir. 2/23/96); 668 So.2d 1381, the court of appeal held that although there was no actual case or controversy for the court to review, an advisory opinion rendered by the Commission is a preliminary or intermediate action or ruling by an ethics body within the meaning of Section 1142 and, as such, is subject to the court's supervisory jurisdiction. This decision followed previous rulings of the same circuit on the issue.
There is no constitutional or legislative authority for judicial review of an advisory opinion rendered by the Commission. Contrary to the Fulda reasoning, an advisory opinion by the Commission is not a "preliminary, procedural or intermediate action or ruling." The preliminary or procedural actions or rulings referred to in Section 1142 A are those rulings which the Commission makes after a proceeding before the Ethics Commission has been commenced, such as by filing of a complaint. See La.Rev.Stat. 42:1141.
Section 1134(6), the authority for advisory opinions by the Commission, sets forth a procedure whereby a person may seek the advice of the Commission as to the conduct or status of that person or some other person under the Code of Governmental Ethics. The advisory opinion is simply thatadvice. It is not a ruling or action by the Commission that will affect the person whose conduct or status is questioned, and it cannot be enforced by any person.[2]See 2 Kenneth C. Davis & Richard J. Pierce, Jr., Administrative Law § 15.15 (1994).
After an advisory opinion by the Commission, the person seeking the advice about another person's conduct or status may file a complaint with the Commission against the other person if that person does not change his or her conduct or status to conform to the *578 advisory opinion. Alternatively, the person who will be ultimately affected by a ruling of the Commission, if and when a complaint is filed, can file an action for a declaratory judgment in the district court to determine the legal correctness of the Commission's opinion on conduct or status.[3] Other procedures may be available, either in an adjudicative action before the Commission or in an action in the district court. But until there is some proceeding before the Commission which could result in the Commission's imposing a penalty, there is no preliminary or procedural action or ruling by the Commission that is appropriate for judicial review, either by appeal or by supervisory writs. Indeed, there is no justiciable controversy for the courts to decide.
Accordingly, we vacate the judgment of the court of appeal, which lacked supervisory jurisdiction to review the advisory opinion of the Commission on Ethics for Public Employees.
KNOLL, J., dissents and assigns reasons.
KIMBALL, J., not on panel. Rule IV, Part 2, § 3.
KNOLL, Justice, dissenting.
I dissent from the majority holding that the First Circuit Court of Appeal does not have jurisdiction to review advisory opinions issued by the Commission on Ethics for Public Employees. The appellate jurisdiction over the Commission's actions is clearly provided by the legislature and affirmed by longstanding jurisprudential authority.
La.R.S. 42:1134(E) authorizes the Commission to render advisory opinions with respect to the Code of Governmental Ethics. LA. CONST. Art. X, § 21, authorizing the Code of Ethics, provides that "[d]ecisions of a board shall be appealable, and the legislature shall provide the method of appeal." In La.R.S. 42:1142(A), the legislature provides for appeal of the board's decisions:
Whenever action is taken against any public servant or person by the board or panel or by an agency head by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the board is made within thirty days after the decision of the board becomes final. Any preliminary, procedural, or intermediate action or ruling by the board or panel is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. (Emphasis added.)
A plain reading of La.R.S. 42:1142(A) reveals two distinct situations that give rise to appellate jurisdiction over the Commission's actions, namely, "whenever action is taken against any public servant or person," or "whenever any public servant or person is aggrieved by any action taken by the board or panel." By holding that appellate jurisdiction attaches only when "there is some proceeding before the Commission which could result in the Commission imposing a penalty," the majority disregards the second basis for appellate jurisdiction provided by La.R.S. 42:1142(A). Clearly, La.R.S. 42:1142(A) does not require the institution of an action against a public official or person before a decision of the Commission may be appealed.
Although an advisory opinion issued by the Commission may not impose a sanction on an individual, it is easy to see that a public official or person can be aggrieved by such an opinion. An advisory opinion may have *579 expensive compliance requirements for both public and private persons. The opinion may have a "chilling effect" on the actions of affected individuals, justifiably concerned about an impending formal action against them if they challenge the Commission's opinion by their conduct. Rather than place the expense and burden of humiliation of an ethics investigation on the individual, it is better to encourage the challenge of advisory opinions in the courts.
This reading of La.R.S. 42:1142 is supported by the longstanding jurisprudence of both this Court and the First Circuit Court of Appeal. The First Circuit has consistently held that it has jurisdiction to review advisory opinions of the Commission. In Fulda v. State of Louisiana, 95-1740 (La.App. 1 Cir. 2/23/96), 668 So.2d 1381, reversed on other grounds, 96-0647 (La.5/10/96), 673 So.2d 201, the appellate court noted:
La.R.S. 42:1142 expressly vests this court with supervisory jurisdiction over preliminary, procedural or intermediate actions or rulings of the Ethics Commission. The law is settled that an advisory opinion rendered by the Commission is a preliminary or intermediate action or ruling by the ethics body within the meaning of La.R.S. 42:1142, and as such, it is subject to this court's supervisory jurisdiction. Louisiana Insurance Guaranty Association v. Commission on Ethics for Public Employees, 95-0021 (La.App. 1st Cir. 5/5/95); 656 So.2d 670, writ denied, 95-1833 (La.11/13/95); 662 So.2d 467; City of Baton Rouge v. Commission on Ethics for Public Employees, 94-2480 (La.App. 1st Cir. 5/5/95); 655 So.2d 457, 459, writ denied, 95-1423 (La.9/22/95); 660 So.2d 473; Board of Trustees of Employees' Retirement System of City of Baton Rouge v. Commission on Ethics for Public Employees, 95-0062 (La.App. 1st Cir. 5/5/95); 655 So.2d 1355, 1356, writ denied, 95-1417 (La.9/22/95); 660 So.2d 472.
Fulda, supra at 1383.
In Midboe v. Commission on Ethics for Public Employees, 94-2270 (La.11/30/94), 646 So.2d 351, this Court noted:
[A]n advisory opinion by the Commission is a preliminary or intermediate action or ruling by an ethics body within the meaning of La.R.S. 42:1142. Board of Com'rs v. Commission on Ethics, 484 So.2d 845, 849 (La.App. 1 Cir.), writ denied, 487 So.2d 440 (La.1986).
* * * * * *
Had Midboe's petition sought a determination of the ethics code's application or interpretation, the constitutional and statutory scheme outlined above provides for an initial determination utilizing the Commission's expertise and review by the court of appeal.
Midboe, supra at 355.
I agree with the prior decisions of the First Circuit Court of Appeal and with the prior opinion of this court in Midboe that advisory opinions issued by the Commission on Ethics for Public Employees are subject to the supervisory jurisdiction of the appellate courts. For the foregoing reasons, I respectfully dissent.
NOTES
[1] The statute does not require notice or a hearing for the rendition of any advisory opinion.
[2] Other authoritative writings on administrative law confirm that review of agency advisory opinions generally is not advisable, especially where there is no claim of actual or impending injury. Alfred C. Aman, Jr. & William T. Mayton, Administrative Law, § 12.10.3 (1993) (discussing "ripeness" for review); Davis & Pierce, supra, §§ 15.12 and 15.15 (discussing ripeness generally and in the context of informal agency action such as advisory opinions).
[3] In Midboe v. Commission on Ethics for Public Employees, 646 So.2d 351 (La.1994), Midboe initially requested an advisory opinion by the Commission, but eventually filed a petition for a declaratory judgment in the district court.

In the Midboe case, we quoted jurisprudence from the intermediate court to the effect that an advisory opinion by the Commission was reviewable by that court as "a preliminary or intermediate action or ruling by an ethics body." Midboe, 646 So.2d at 355 (citing Board of Comm'rs v. Commission on Ethics, 484 So.2d 845 (La.App. 1st Cir.1986)). We now retract that statement, made in dicta, and overrule the jurisprudence holding that advisory opinions by the Commission are reviewable as preliminary or intermediate actions or rulings.