McDONALD, J.,
dissenting.
11While I believe the majority’s analysis of the merits of this matter is correct, and I would normally agree with their decision to affirm the decision of the Board of Ethics, I respectfully dissent because I do not believe the matter is appealable. Therefore, I do not believe we have subject matter jurisdiction over the Board’s declaratory or advisory opinion and believe the appeal should be dismissed.
In 1997, the Louisiana Supreme Court issued its opinion in Transit Management of Southeast Louisiana, Inc. v. Commission on Ethics for Public Employees, 96-1982 (La.12/2/97), 703 So.2d 576, 577, finding that an advisory opinion was not a “preliminary, procedural, or intermediate action” within the meaning of La. R.S. 42:1142(A). Therefore, the court reasoned that “[tjhere is no constitutional or legislative authority for judicial review of an advisory opinion rendered by” the Board of Ethics.
Thereafter, the Legislature attempted to overrule Transit Management by enacting Acts 1999, No. 252 § 1, effective June 11, 1999, amending La. R.S. 42:1142(A) to provide that:
*1051 Whenever action is taken against any public servant or person by the board or panel or by an agency head or by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal there from to the Court of Appeal, First Circuit, if application to the board is made within thirty days after the decision of the board becomes final. Any advisory opinion issued to any person or governmental entity by the board or panel or any preliminary, procedural, or intermediate action or ruling by the board or panel is subject to |athe supervisory jurisdiction of the appellate jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana.
(Emphasis added.)
Despite the amendment by the Legislature, the supreme court found in Duplantis v. Louisiana Bd. of Ethics, 2000-1750, 2000-1956 (La.3/23/01), 782 So.2d 582, that there is no constitutional authority for judicial review of an advisory opinion. The court noted that while Article X, § 21 of the constitution provides authority for judicial review of “decisions” of the Board, an advisory opinion is not such a decision. Neither is it a preliminary, procedural, or intermediate action or ruling by the Board. The court noted that an advisory opinion is usually sought by correspondence to the Board by an applicant. The facts on which the Board bases its reply are provided by the applicant. There is no investigation by the board, neither is there an adversarial hearing. After the opinion is issued, the applicant is in the same position as before. Duplantis, 782 So.2d at 587-588.
It is important also that there is no “justiciable controversy” or actual dispute with adverse parties, such that a “judgment of the court may effectively operate through a decree of conclusive character.” Duplantis, 782 So.2d at 589. The Board is not adverse to a person seeking an interpretation of a law over which the board has jurisdiction to interpret and enforce. See R.S. 42:1132 et seq. The Board adopts an adversarial position when it becomes an “enforcer” rather than “interpreter.”
The majority references In re Lorusso, 2011-0666 (La.App. 1st Cir.12/29/11), 85 So.3d 712, in which this court reviewed the response by the Ethics Board to a request for a declaratory opinion. In that matter, a declaratory opinion was requested from the Board as to whether a campaign finance disclosure report could be amended to show that a $30,000.00 contribution from the candidate to his Rcampaign fund was in reality a loan. This court found that a “justiciable controversy” existed, specifically noting:
In the context of declaratory judgment,[1] a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, and must be a substantial and actual dispute as to the legal relations of parties having real, adverse interests. Steiner v. Reed, 2010-1465, p. 6 (La.App. 1st Cir.2/11/11), 57 So.3d 1188,1192.
Lorusso, 85 So.3d at 717. (Footnote added.)
I do not believe a justiciable controversy exists in this matter. Louisiana courts are prohibited from rendering or reviewing advisory opinions and may only review matters that are justiciable. Duplantis, 782 So.2d at 589, and eases cited therein. In Lorusso, the Board’s response to the re *1052 quest for a declaratory opinion, dealt with an action already taken by an elected official, and found that the action requested by Rep. Lorusso would be a violation La. R.S. 18:1505.1 and expose him to civil penalties in accordance with La. R.S. 18:1505.4.(B). In that matter, Rep. Lorus-so and the Board had “real, adverse interests.” The Board is not adverse to a person asking a hypothetical question. Even if the Board’s response interprets the law so that it is contrary to what the person requested, when no action is taken either by the Board or by the person requesting an interpretative or “declaratory opinion” they are not adversaries.
I also note that La. R.S. 42:1141.1 was repealed by the Legislature by Acts 2012, No. 608 § 2, effective June 7, 2012. It was replaced by La. R.S. 42:1141.6. The purpose of the Act was to amend and reenact provisions in the Code of Governmental Ethics. Much of the language regarding declaratory opinions was deleted or revised.
| ^Importantly, it established the Ethics Adjudicatory Board that has jurisdiction over matters referred to the Board of Ethics. The Board is still empowered to conduct hearings on a violation of a law over which the Board has jurisdiction. Louisiana Revised Statute 42:1135 provides, in pertinent part, that the Board of Ethics shall have the right to enforce any valid regulation, final decision, or final order of the Board of Ethics or the Ethics Adjudicatory Board. The revisions in the Code of Governmental Ethics were extensive. The initial request for a declaratory opinion pursuant to La. R.S. 42:1141.1 was made by Sheriff Toney in May before the new law took effect. However, the changes were so extensive and they became law before this matter was appealed and I believe they are instructive.
The Legislature continues to give persons aggrieved by a “decision” of the Board of Ethics and now, the Ethics Adjudicatory Board, the right to appeal to the First Circuit Court of Appeal. However, the new law sets out considerable language devoted to complaints, investigations, and hearings. Matters in which the Board has investigated complaints, and proposed enforcement actions are appealable. The Board may also take action, that is, investigate and enforce a provision of law under its jurisdiction, without the necessity for a sworn complaint.
In this matter, we are dealing with a declaratory rather than an advisory opinion, but under these facts, I do not see a difference. It is the Board’s position, as articulated by their legal counsel, that there is no difference in an “advisory opinion” and a “declaratory opinion” in this matter. I agree. The request involves no enforcement action; there is nothing to enforce because there has been no action taken to which the Board could respond. It is strictly an interpretation of the effect of a provision, La. R.S. 42:1142(A), in the Code of Governmental Ethics regarding the use of campaign funds.
¡¿Because I believe we have no authority to review this matter, either by appeal or by supervisory writ, I believe we should dismiss it. Therefore, 1 respectfully dissent from the well written and well reasoned opinion of the majority.

. Finding that the Board had not established rules to govern its responses to requests for declaratory opinions, the First Circuit reached its decision by turning to the Louisiana Code of Civil Procedure for guidance.